# EXHIBIT 4




United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Anchorage Field Office
4700 BLM Road
Anchorage, Alaska 99507-2591
http://www.blm.gov/ak

**Triumvirate LLC Commercial Heli-skiing Special Recreation Permit**
Environmental Assessment, DOI-BLM-AK-A010-2013-0008-EA

Case File: AA-093273

**FINDING OF NO SIGNIFICANT IMPACT**

**Background**

Triumvirate LLC (Triumvirate, dba Tordrillo Mountain Lodge) has applied to the Bureau of Land Management (BLM) Anchorage Field Office for a Special Recreation Permit (SRP) to operate commercial heli-skiing activities in the Neacola and Tordrillo mountains of southcentral Alaska (EA, p. 2).

Triumvirate's requested operating area is located approximately 120 miles west of Anchorage. The operating area includes the Neacola Mountains Area of Critical Environmental Concern (ACEC), referred to as the "south block," and the Tordrillo Mountains, referred to as the "north block." The proposed action does not include any State or Native land selections (EA, p. 2).

The Neacola Mountains ACEC is scenic, with changes in elevation from 1,000 feet to nearly 8,000 feet. Rugged mountains, hanging valleys, and ice and snow fields dominate the landscape, interspersed with razor-sharp ridgelines. At the core of the Neacola Mountains ACEC are Blockade Glacier and Lake. Seasonally, Blockade Lake melts enough to reveal "apartment sized" blocks of ice floating in the water. This ACEC contains scenic and geologic features associated with the natural landscape of mountain peaks, glaciers and spires. It is these scenic qualities for which the ACEC was designated in 2008 (EA, p. 2; BLM 2008).

**Finding of No Significant Impact**

This action and its effects have been evaluated consistent with the Council on Environmental Quality regulations for determining *significance*. Per 40 CFR § 1508.27, a determination of *significance* requires consideration of both context and intensity. The former refers to the relative context in which the action would occur such as society as a whole, affected region, affected interests, etc. The latter refers to the severity of the impact.

*Context*

This project area is located in remote, southcentral Alaska in an area of extremely steep slopes and mostly permanent glaciers and snowpack. Since 2011, the BLM has authorized three other

authorizations involving commercial helicopter activities within the same general area (EA., p. 2); however, overall visitation and use of the area remains very low.

As noted in the Background, a portion of the requested operating area is within the Neacola Mountains ACEC which was designated for its outstanding scenic values.  The Proposed Action involves temporary winter uses including heli-skiing, aircraft landings, and commercial filming on glaciers and winter snowpack.  No ground disturbance is proposed.  Frequent mountain storms and winds are anticipated to entirely erase evidence of ski tracks and landing sites from season to season, if not within a matter of days of use.

    *Intensity*

1. *Impacts that may be both beneficial and adverse.*

The EA discloses the potential for both beneficial and adverse effects.  For example, the EA acknowledges that noise would be generated by helicopters and fixed-wing aircraft used in support of the proposed action (EA, p. 11) and that the proposed action has potential to disturb sheep populations at a vulnerable time of year (EA, p. 12).  However, the EA also acknowledges that the requested use would provide additional recreation opportunities in a remote area (EA, p. 11).

2. *The degree to which the proposed action affects public health and safety.*

Given the remote location of the requested use, there is no potential for this project to directly affect the health and safety of the public at large.

3. *Unique characteristics of the geographic area such as proximity of historic or cultural resources, park lands, prime farmlands, wetlands, wild and scenic rivers, or ecologically critical areas.*

The operating area is located in an area of extremely steep slopes and mostly permanent glaciers and snowpack (EA, p. 1 and 8).  No park lands, prime farmlands, wetlands, wild and scenic rivers, or ecologically critical areas are present at the project site.

A portion of the requested landings would occur in the Neacola Mountains ACEC, designated for its outstanding scenic values (EA, p. 9).  Ski and landing tracks in the snow would be temporary as frequent mountain winds and snowstorms would erase evidence of this use (EA, p. 11).  The outstanding scenic values and visual resources for which the Neacola Mountains ACEC was designated would not be impaired by the proposed use (EA, p. 11).

The requested operating area does have wilderness characteristics and is identified as Lands with Wilderness Characteristics (EA, 10).  However, given the temporary duration, intermittent use, dispersed landing areas, the expanse of public lands in the Planning Area, and the permit stipulations, the requested use can be implemented in a manner that does not permanently impair existing wilderness characteristics (EA, p. 11).

The Alaska Heritage Resource Survey database was reviewed for cultural resources in the project vicinity. There are no known cultural resources near the proposed operating area (EA, p. 8). This project is in an area of extremely steep slopes and mostly permanent glaciers and snowpack; there is very little potential for unknown cultural resources within the project vicinity (EA, p. 8). The requested use would have no effect on historic properties or other cultural resources (EA, p. 9).

4. *The degree to which the effects on the quality of the human environment are likely to be highly controversial.*

No known controversy exists concerning the effects of the requested SRP.

5. *The degree to which the possible effects on the human environment are highly uncertain or involve unique or unknown risks.*

SRPs are commonly issued on BLM-managed lands in the State of Alaska, as well as nationally. There is neither uncertainty nor unknown risk associated with the requested use, particularly at this scale, i.e., one operator in a remote setting.

6. *The degree to which the action may establish a precedent for future actions with significant effects or represents a decision in principle about a future consideration.*

Per the Ring of Fire Resource Management Plan (RMP) and Record of Decision (ROD), the project area is open to the requested use (EA, pp. 4-5). This authorization is consistent with the RMP/ROD. This proposed action neither establishes a precedent nor represents a decision in principle about future actions. Furthermore, the proposed action is consistent with other SRP authorizations in the Ring of Fire planning area.

7. *Whether the action is related to other actions with individually insignificant but cumulatively significant impacts.*

Overall, the potential cumulative effects resulting from the Proposed Action are limited. The requested use would not result in any ground disturbance. With the implementation of best management practices, the Proposed Action would not contribute any measurable increment to cumulative effects on resources in the operating area (EA, pp. 12-15).

8. *The degree to which the action may adversely affect districts, sites, highways, structures, or objects listed in or eligible for listing in the National Register of Historic Places or may cause loss or destruction of significant scientific, cultural, or historic resources.*

As stated for intensity factor #3, the proposed authorization would have no effects on cultural resources (EA, pp. 8-9).

9. *The degree to which the action may adversely affect an endangered or threatened species or its habitat that has been determined to be critical under the Endangered Species Act of 1973.*

Based on current information, the proposed action would not affect any Federally threatened or endangered species within the project area (BLM 2014).

*10. Whether the action threatens a violation of Federal, State, or local law or requirements imposed for the protection of the environment.*

Based on the environmental analysis, the Proposed Action does not threaten to violate Federal, State, or local law or requirements (EA, p. 5).

**Conclusion**

Therefore, on the basis of the information contained in the EA (DOI-BLM-AK-A010-2013-0008-EA), and all other information available to me, it is my determination that:

1. None of the environmental effects identified meet the definition of significance as defined by context and intensity considerations at 40 CFR § 1508.27;
2. The alternatives are in conformance with the ROD for the Ring of Fire Resource Management Plan (2008); and
3. The Proposed Action and alternatives do not constitute a major federal action having a significant effect on the human environment.

Therefore, neither an Environmental Impact Statement nor a supplement to the existing EA is necessary and neither will be prepared.

*/s/ Alan Bittner*                                                        02/20/2014

Alan Bittner                                                               Date
Anchorage Field Manager

**Attachments**

1. *Triumvirate LLC Commercial Heli-skiing Special Recreation Permit Environmental Assessment* (DOI-BLM-AK-A010-2013-0008-EA), February 3, 2014 (Public Release)

**References**

BLM. 2014. Threatened and/or Endangered Species Evaluation, DOI-BLM-AK-A010-2013-0008-EA, Case File: AA-093273. Prepared January 21, 2014.

BLM. 2008. Ring of Fire Approved Resource Management Plan and Record of Decision.