# EXHIBIT 9



February 16, 2018

Via Email – bmillion@blm.gov

Bonnie Million
Field Office Manager
Anchorage Field Office
United States Bureau of Land Management
4700 BLM Road
Anchorage, AK 99507

>  Re:  January 29, 2018 Decision Record Authorizing Issuance of Special Recreation Permit to Alaska Snowboard Guides, NEPA Register # DOI-BLM-AK-A010-2018-0003-DNA

Dear Field Office Manager Million:

I represent Triumvirate LLC, operator of the Tordrillo Mountain Lodge and holder of a 10-year special recreation permit issued by the BLM in 2014 to conduct heli-skiing operations in the Tordrillo and Neocola Mountains. I am writing to inquire when, exactly, Alaska Snowboard Guides may commence operations under the permit authorized in the above-referenced Decision Record.

The issue is critical. The BLM overlooked significant safety issues when it chose to authorize Alaska Snowboard Guides to conduct heli-ski operations in the same area at the same time on top of Triumvirate and another operator. The BLM chose to issue the Decision Record and permit without any public notice, opportunity for input from Triumvirate, or effort to consider the safety consequences under NEPA of authorizing multiple overlapping heli-ski operations. The Decision Record is an example of poor process yielding a poor result.

The Decision Record does not state when Alaska Snowboard Guides may commence flights. That information is needed so that Triumvirate knows whether it should file a complaint for judicial review and request for immediate injunction in United States District Court, or request the Interior Board of Land Appeals to review and set aside the multiple procedural and substantive errors in the BLM's Decision Record (identified below).

If the permit has already been issued and Alaska Snowboard Guides may commence operations, Triumvirate may file a complaint against the BLM for judicial review of the Decision Record and request an injunction in U.S. District Court without going through the IBLA appeal process. A person adversely affected by a BLM decision is not required to exhaust the IBLA

administrative appeal process before filing suit for judicial review if the agency treats the decision as in effect.[1]

If, on the other hand, the Decision Record and permit are not yet in effect, Triumvirate may file an administrative appeal and request for stay with the IBLA.  The Decision Record is dated January 29, 2018 but the BLM waited until February 14, 2018 to provide it to Triumvirate and put it on the E Planning website.[2]  Triumvirate has 30 days after February 14, 2018 to file an administrative appeal and request for stay with the IBLA.  43 C.F.R. § 4.411(a)(2)(i).  The applicable regulations provide that a decision such as this ordinarily "will not be effective during the time in which a person adversely affected may file a notice of appeal."  43 C.F.R. § 4.21(a)(1).  Thereafter, the IBLA has 45 days to resolve the request for stay; unless the IBLA denies the stay, or the 45-day period runs before it does, the Decision Record may not be put into effect during that period.  43 C.F.R. § 4.21(a)(2), (a)(3), (b)(4).

Triumvirate values its relationship with the BLM, and takes seriously its obligation to act as a steward of the natural environment where it operates.  Triumvirate also has a duty to ensure that operations are prudent, safe, and appropriate.  In order that you understand Triumvirate's concerns, please consider the multiple procedural and substantive deficiencies that give a court, or the IBLA, good reason to set the Decision Record aside:

- The BLM issued a third heli-skiing special recreation permit for the Neocola and Tordrillo Mountains without any public notice, opportunity for comment, or discussion of the obvious safety consequences of authorizing a third heli-ski operator to operate on top of two existing operators in the same terrain.

- The Determination of NEPA Adequacy states that the BLM Outdoor Recreation Planner contacted Triumvirate about the possibility of a third operator entering the same area.  That claim is false.  The BLM never contacted Triumvirate about the Alaska Snowboard Guides permit application before it made the decision.

- The BLM has little experience or knowledge of the very real safety issues, demands, and hazards that arise from equipment operations, snow safety and avalanche management in high alpine environments, and the site specific challenges of helicopter operations in the Neocola and Tordrillo Mountains.  Triumvirate has more experience with those issues in this terrain than any other operator.  Had the BLM

---

[1] *E.g.*, *Darby v. Cisneros*, 509 U.S. 137, 154 (1993) (exhaustion of an administrative appeal process created by an agency regulation is not mandatory unless the agency decision "is made inoperative pending that review"); *Farrell-Cooper Mining Co. v. United States Dep't of the Interior*, 864 F.3d 1105, 1113-1114 (10th Cir. 2017) (ruling that a litigant may file suit for judicial review of a Department of the Interior decision without appealing to the IBLA if the agency treats the decision as in effect).

[2] *See* https://eplanning.blm.gov/epl-front-office/eplanning/projectSummary.do?methodName=renderDefaultProjectSummary&projectId=99078

- requested comments, Triumvirate would have provided detailed information about why authorizing a third heli-ski operation on top of two existing ones in this terrain compromises safety and is a bad idea.

- The BLM violated its obligation under its special recreation permit regulations to consider "public safety" and "conflicts with other uses" in making this permitting decision because it did not consider the obvious safety ramifications of its decision, and did not take into account the potential for operational conflicts among commercial heli-ski operators operating in the same limited area.  43 C.F.R. § 2932.26(b), (c).

- The BLM's insular, non-public decision-making process excluded Triumvirate, thereby preventing the agency from developing collaborative management policies with an existing holder of a heli-ski special recreation permit.  That overlooked Resource Management Plan direction applicable to the Neocola ACEC, which directs the BLM to "work collaboratively with ... recreation users … to develop management strategies and define enforcement responsibilities."  Ring of Fire RMP and ROD at 10 (March 2008).

- The BLM violated NEPA.  It prepared a Determination of NEPA Adequacy that concluded that the Environmental Assessment that Triumvirate funded for the BLM to consider the effects of issuing a special recreation permit to Triumvirate in 2014 adequately addressed the proposal to issue a permit to Alaska Snowboard Guides.  That cannot satisfy the BLM's duty under NEPA to take a hard look at the effects of issuing a permit to Alaska Snowboard Guides.  The EA addressed the effects of authorizing one commercial heli-ski operator: Triumvirate.  The proposed action in the DNA, however, is authorizing a third commercial heli-ski operator on top of two existing ones in the same terrain, a fact which the DNA barely acknowledges.  The BLM's NEPA regulations provide that the agency satisfies NEPA with a DNA that relies upon a prior EA only when the proposed action in the DNA is narrower, and contained within, the broader action in the EA.[3]  Here, it is the reverse.  The action in the DNA is broader – a third commercial heli-ski operator on top of two others – than the narrower action discussed in the EA – one commercial heli-ski operator.  Neither the EA nor the DNA address the safety challenges, hazards, operational issues, and cumulative effects of three commercial heli-ski operators accessing the same terrain at the same time.

 \*                              \*                              \*

---

[3] 43 C.F.R. § 46.140(a); *Colorado Wild Horse and Burro Coalition, Inc. v. Jewell*, 130 F. Supp.3d 205, 218 (D.D.C. 2015).

      Please confirm as soon as possible whether the Decision Record is in effect, and when, exactly, Alaska Snowboard Guides may commence operations under the permit. Triumvirate may file a complaint in U.S. District Court against the BLM, or an administrative appeal with the IBLA, depending on the answer. My direct line is 303-228-2529 and email is zwilliams@lewisbess.com. Thank you in advance for responding to this inquiry.

                Sincerely,

                Ezekiel J. Williams
                Counsel for Triumvirate, LLC

cc:    Mike Overcast