UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRIUMVERATE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 18-cv-00511-RCL |
| | ) |
| RYAN ZINKE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case concerns a challenge to the defendant Bureau of Land Management's ("BLM") decision to issue a special recreation permit for helicopter skiing in the Tordrillo Mountains and Neacola Mountains Area of Critical Environmental Concern ("ACEC") in southern Alaska. The plaintiff—a business competitor of the company which received the special permit in question—alleges that BLM's decision to issue the permit violated its obligations under the National Environmental Policy Act ("NEPA"), Federal Land Policy Management Act ("FLPMA"), and the Administrative Procedure Act ("APA"). The plaintiff moved for a preliminary injunction. ECF No. 3. Defendants moved to dismiss the case, ECF No. 13, and in the alternative to transfer venue to the District of Alaska, ECF No. 14. Upon consideration of the motion to transfer, the response, and the reply, the Court **GRANTS** defendants' motion and transfers the case to the District of Alaska.

### I. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

1

U.S.C. § 1404(a). District courts have "discretion ... to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The movant "bears the burden of establishing that the transfer of this action is proper." *Greater Yellowstone Coal. v. Bosworth*, 180 F.Supp.2d 124, 127 (D.D.C. 2001).

When considering a motion to transfer under section 1404, courts must balance the "convenience of the parties and witnesses" and the "interests of justice." § 1404(a). Under the "convenience" factor, courts consider several "private" interests including: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; and (4) the convenience of the witnesses and other sources of proof. *See Nat'l Wildlife Fed'n v. Harvey*, 437 F.Supp.2d 42, 46 (D.D.C. 2006); *Trout Unlimited v. USDA*, 944 F.Supp. 13, 16 (D.D.C. 1996). Under the "interest of justice" factor, courts consider several "public" interests including: (1) the desire to avoid multiplicity of litigation as a result of a single transaction or event; (2) the local interest in deciding local controversies at home; and (3) the relative familiarity of both venues with the governing laws. *See Harvey*, 437 F.Supp.2d at 46 (listing the second and third interests); *Holland v. A.T. Massey Coal*, 360 F.Supp.2d 72, 76 (D.D.C. 2004); *Trout Unlimited*, 944 F.Supp. at 16; *Hawksbill Sea Turtle (Eretmochelys Imbricata) v. FEMA*, 939 F.Supp. 1, 4 (D.D.C. 1996) (listing the first and second interests); *see also Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 56 (D.D.C. 2000) ("The interests of justice are better served when a case is transferred to the district where related actions are pending.").

## II. ANALYSIS

The defendant has met its burden and demonstrated that transfer to the District of Alaska is proper. As an initial matter, this action could have been brought in the first instance in the

2

District of Alaska. The Neacola and Tordrillo mountains are located within Alaska and venue is proper in an action against the United States in "any judicial district in which ... a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(e)(1). Plaintiffs do not dispute this point.

The private interest factors weigh in favor of transferring venue to the District of Alaska. While plaintiff's choice of forum is generally provided "substantial deference," that deference receives "diminished consideration" when the chosen forum "has no meaningful ties to the controversy and no particular interest in the parties or subject matter." *The Wilderness Soc. v. Babbitt,* 104 F.Supp.2d 10, 13 (D.D.C. 2000) (citations omitted). Here, the District of Columbia "has no meaningful ties to the controversy." The dispute involves land in Alaska, companies operating in Alaska, permits issued related to activity in Alaska, and the permit in question was signed by the BLM Anchorage Field Office Field Manager in Alaska. Plaintiffs point out that the District of Columbia is the seat of the federal government and this is a case involving allegations that a federal agency violated federal laws. But, "[a] plaintiff seeking to sue federal defendants in Washington, D.C. must demonstrate some substantial personalized involvement by a member of the Washington, D.C. agency before the court can conclude that there are meaningful ties to the District of Columbia." *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 98 (D.D.C. 2013). The plaintiff in this case has made no such allegation. Weighing against this diminished consideration are the other private interest factors. The defendant's choice of forum is Alaska. And the claims in this case center on decisions made in Alaska.[1]

The Court also finds that the interest-of-justice factors weigh in favor of transferring this case to the District of Alaska. Two of the factors have no bearing on the analysis. Both this Court and the

---

[1] Since this case will be decided on the administrative record, the convenience-of-the-witnesses-and-other-sources-of-proof factor is neutral.

District of Alaska are familiar with the governing law. And as it stands, the Court is aware of no other litigation on this matter such that it would make sense to transfer venue on those grounds. However, the remaining public interest factor—"the local interest in deciding local controversies at home"—weighs heavily in favor of transferring venue. Plaintiff challenges the issuance of a permit by a BLM official in Alaska concerning the use of mountain ranges located entirely within Alaska. "[S]uits such as this one, which involve . . . environmental regulation and local wildlife – matters that are of great importance in the [State] – should be resolved . . . where the people whose rights and interests are in fact most vitally affected" are located. *Trout Unlimited v U.S. Dep't of Agric.*, 944 F. Supp. 13, 19-20 (D.D.C. 1996) (internal quotation marks and citation omitted). This case—primarily involving a local interest—should be decided in Alaska, the local venue.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** defendants' motion to transfer the case, ECF No. 14. The case is hereby **TRANSFERRED** to the District of Alaska.

It is **SO ORDERED** FORTHWITH.

SIGNED this 3rd day of April, 2018.

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge