JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General
Environment & Natural Resources Division

S. DEREK SHUGERT (OH No. 84188)
TYLER M. ALEXANDER (CA Bar No. 313188)
Natural Resources Section
Trial Attorneys
PO Box 7611
Washington, DC  20044-7611
Tel: (202) 514-9269 (Shugert)
Tel: (202) 305-0238 (Alexander)
Fax: (202) 305-0506
shawn.shugert@usdoj.gov
tyler.alexander@usdoj.gov

Attorneys for Federal Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| TRIUMVIRATE, LLC, | ) No. 3:18-cv-91-HRH |
|  | ) |
|  | ) **SUPPLEMENTAL BRIEF IN** |
| Plaintiff, | ) **SUPPORT OF DEFENDANTS'** |
|  | ) **MOTION TO DISMISS UNDER** |
| v. | ) **EDERAL RULES OF CIVIL** |
|  | ) **PROCEDURE 12(b)(1) AND 12(b)(6)** |
| RYAN ZINKE, *et al*., | ) **[ECF No. 15]** |
|  | ) |
| Federal Defendants. | ) Hon. H. Russel Holland |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ...................................................................................................... 2

STANDARD OF REVIEW ....................................................................................... 2

    I.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) ........................................... 2

    II.  FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) ........................................... 2

ARGUMENT ............................................................................................................ 3

    I.   PLAINTIFF LACKS ARTICLE III STANDING ....................................................... 3

          A.   Plaintiff's Alleged Economic Injury Fails to Establish an Injury in Fact ................................................................................................. 5

          B.   Plaintiff's Alleged Public Safety Concerns Fail to Establish an Injury in Fact ................................................................................... 6

          C.   Plaintiff's Alleged Procedural Injury Fails to Establish an Injury in Fact ................................................................................................. 8

          D.   Plaintiff's Alleged Aesthetic or Recreational Injury Fails to Establish an Injury in Fact ................................................................ 9

    II.  PLAINTIFF LACKS PRUDENTIAL STANDING ................................................. 12

    III. PLAINTIFF'S STAND-ALONE APA CLAIM IS NOT JUSTICIABLE ................ 16

CONCLUSION ...................................................................................................... 17

SUPPL. BR. IN SUPP. OF DEFS.' MOT. TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                            i

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 2 of 25

# TABLE OF AUTHORITIES

**Cases**

Abbott Labs v. Gardner,
   387 U.S. 136 (1967) ................................................................................................ 6

Agdaagux Tribe of King Cove v. Jewell,
   No. 3:14-CV-0110-HRH, 2014 WL 12513891 (D. Alaska Dec. 19, 2014) ............................ 17

Allen v. Wright,
   468 U.S. 737 (1984) ................................................................................................ 3

Am. Indep. Mines & Minerals Co. v. U.S. Dep't of Agric.,
   494 F. App'x 724 (9th Cir. 2012) .............................................................................. 13

Am. Indep. Mines & Minerals Co. v. U.S. Dep't of Agric.,
   733 F. Supp. 2d 1241 (D. Idaho 2010) ....................................................................... 13

Americopters, LLC v. FAA,
   441 F.3d 726 (9th Cir. 2006) .................................................................................... 2

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................ 2, 5

Ashley Creek Phosphate Co. v. Norton,
   420 F.3d 934 (9th Cir. 2005) .................................................................................. 12

Backus v. Gen. Mills, Inc.,
   122 F. Supp. 3d 909 (N.D. Cal. 2015) ......................................................................... 7

Balistreri v. Pacifica Police Dep't,
   901 F.2d 696 (9th Cir. 1988) .................................................................................... 2

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ............................................................................................ 2, 3

Cahen v. Toyota Motor Corp.,
   147 F. Supp. 3d 955 (N.D. Cal. 2015) ......................................................................... 5

Cal. Forestry Ass'n v. Thomas,
   936 F. Supp. 13 (D.D.C.1996) ................................................................................. 16

Chapman v. Pier 1 Imports (U.S.), Inc.,
   631 F.3d 939 (9th Cir. 2011) .................................................................................... 6

Citizens Coordinating Comm. on Friendship Heights, Inc. v. Wash. Metro. Transit Auth.,
   765 F.2d 1169 (D.C. Cir. 1985) ............................................................................... 11

Clapper v. Amnesty Int'l USA,
   568 U.S. 398 (2013) ................................................................................................ 7

Consejo de Desarrollo Economico de Mexicali, AC v. United States,
   438 F. Supp. 2d 1194 (D. Nev. 2006) ........................................................................ 16

*Erdos v. S.E.C.*,
  742 F.2d 507 (9th Cir. 1984) ........................................................ 10

*Fla. Audubon Soc'y v. Bentsen*,
  94 F.3d 658 (D.C. Cir. 1996) ........................................................ 15

*Fleck & Assocs., Inc. v. City of Phoenix*,
  471 F.3d 1100 (9th Cir. 2006) ...................................................... 10

*Gen. Atomic Co. v. United Nuclear Corp.*,
  655 F.2d 968 (9th Cir. 1981) .......................................................... 2

*Graham v. FEMA*,
  149 F.3d 997 (9th Cir. 1998) .......................................................... 5

*Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice*,
  816 F.3d 1241 (9th Cir. 2016) ........................................................ 6

*Int'l Bhd. of Teamsters v. U.S. Dep't of Transp.*,
  861 F.3d 944 (9th Cir. 2017) .......................................................... 6

*Johnson v. Stuart*,
  702 F.2d 193 (9th Cir. 1983) ........................................................ 10

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .......................................................... 3

*Leite v. Crane Co.*,
  749 F.3d 1117 (9th Cir. 2014) ........................................................ 2

*Longstreet Delicatessen, Fine Wines & Specialty Coffees, L.L.C. v. Jolly*,
  No. 1:06-cv-00986-OWW DLB, 2007 WL 2815022 (E.D. Cal. Sept. 25, 2007) ...... 6

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................... 4, 15

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990) .................................................................. 12

*M.M. v. Lafayette Sch. Dist.*,
  681 F.3d 1082 (9th Cir. 2012) ...................................................... 17

*Maiden Creek Assocs. v. U.S. Dep't of Transp.*,
  123 F. Supp. 3d 638 (E.D. Pa. 2015) ................................................ 14

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ..................................................... 3, 5

*Metro. Edison Co. v. People Against Nuclear Energy*,
  460 U.S. 766 (1983) .............................................................. 12, 14

*Nat'l Audubon Soc'y, Inc. v. Davis*,
  307 F.3d 835 (9th Cir.2002) ...................................................... 4, 6

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 4 of 25

*Nat'l Mining Ass'n v. Zinke,*
  877 F.3d 845 (9th Cir. 2017) ............................................................... 13

*Navajo Nation v. Dep't of the Interior,*
  876 F.3d 1144 (9th Cir. 2017) .............................................................. 4

*Nev. Land Action Ass'n v. U.S. Forest Serv.,*
  8 F.3d 713 (9th Cir. 1993) ................................................................... 13

*Oberdorfer v. Jewkes,*
  583 F. App'x 770 (9th Cir. 2014) ......................................................... 13

*Or. Nat. Res. Council Action v. U.S. Forest Serv.,*
  445 F. Supp. 2d 1211 (D. Or. 2006) ..................................................... 17

*Or. Nat. Res. Council v. Thomas,*
  92 F.3d 792 (9th Cir. 1996) ................................................................. 17

*Physicians Comm. for Responsible Med. v. U.S. E.P.A,*
  No. C 05-04093 CRB, 2006 WL 3000657 (N.D. Cal. Oct. 20, 2006) ........................ 8

*Ramirez v. City of Buena Park,*
  560 F.3d 1012 (9th Cir. 2009) .............................................................. 8

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.,*
  415 F.3d 1078 (9th Cir. 2005) ...................................................... 12, 13, 14

*Regents of Univ. of Cal. v. Shalala,*
  872 F.Supp. 728 (C.D. Cal. 1994) ......................................................... 6

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir. 1984) ............................................................... 2

*Schmier v. U.S. Court of Appeals for the Ninth Circuit,*
  279 F.3d 817 (9th Cir. 2002) ............................................................... 4

*Scott v. United States,*
  No. CV-08-0138-E-BLW, 2009 WL 482893 (D. Idaho Feb. 24, 2009) ................... 16

*Seminole Nation of Okla. v. Norton,*
  No. 01-5418, 2002 WL 1364249 (D.C. Cir. May 24, 2002) ............................ 8

*Shakur v. Schriro,*
  514 F.3d 878 (9th Cir. 2008) ............................................................... 8

*Spokeo, Inc. v. Robins,*
  136 S. Ct. 1540 (2016) ....................................................................... 4

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) ............................................................... 3

*Steel Co. v. Citizens for a Better Env't,*
  523 U.S. 83 (1998) ............................................................................ 4

SUPPL. BR. IN SUPP. OF DEFS.' MOT. TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                    iv

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 5 of 25

*Strata Prod. Co. v. Jewell*,
 No. CV 13-205 JCH-GBW, 2014 WL 12789010 (D.N.M. Aug. 11, 2014) ............................ 14

*Summers v. Earth Island Inst.*,
 555 U.S. 488 (2009) ........................................................................................................... 8

*Thompson v. McCombe*,
 99 F.3d 352 (9th Cir. 1996) ................................................................................................. 2

*Town of Stratford, Conn. v. FAA*,
 285 F.3d 84 (D.C. Cir. 2002) .............................................................................................. 15

*United States v. W. Radio Servs. Co.*,
 869 F. Supp. 2d 1282 (D. Or. 2012) .............................................................................. 10, 11

*W. Expl., LLC v. U.S. Dep't of the Interior*,
 250 F. Supp. 3d 718 (D. Nev. 2017) ..................................................................................... 8

*W. Mining Council v. Watt*,
 643 F.2d 618 (9th Cir. 1981) ................................................................................................ 3

*W. Radio Servs. Co. v. Espy*,
 79 F.3d 896 (9th Cir. 1996) ................................................................................................ 13

*Warth v. Seldin*,
 422 U.S. 490 (1975) ............................................................................................... 3, 10, 12

*Whitmore v. Arkansas*,
 495 U.S. 149 (1990) ........................................................................................................... 11

*Wilderness Soc'y Inc. v. Rey*,
 622 F.3d 1251 (9th Cir. 2010) .............................................................................................. 8

*Yount v. Salazar*,
 Nos. CV11-8171 PCT-DGC, CV12-8038 PCT DGC, CV12-8042 PCT DGC,
 CV12-8075 PCT DGC, 2014 WL 4904423 (D. Ariz. Sept. 30, 2014) .................................. 12

*Yount v. Salazar*,
 Nos. CV11-8171 PCT-DGC, CV12-8038 PCT DGC, CV12-8042 PCT DGC,
 CV12-8075 PCT DGC, 2013 WL 93372 (D. Ariz. Jan. 8, 2013) .......................................... 15

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 1, 2, 11, 17

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 17

SUPPL. BR. IN SUPP. OF DEFS.' MOT. TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                    v

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 6 of 25

# INTRODUCTION

Pursuant to the Court's April 10, 2018 Order, ECF No. 37, Defendants provide this supplemental brief in support of Defendants' motion and reply asking the Court to dismiss Plaintiff's Complaint for lack of Article III and prudential standing. *See* Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj. & Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) & 12(b)(6), ECF Nos. 13 and 15, ("Defs.' Mot."), and Reply in Supp., ECF No. 23 ("Defs.' Reply").

In our briefs filed in the United States District Court for the District of Columbia, Defendants demonstrated that Plaintiff fails to establish either Article III or prudential standing. The same is true under Ninth Circuit jurisprudence. Plaintiff lacks an imminent, concrete and particularized injury as required to establish an injury in fact. Plaintiff asserts unsupported and speculative economic and health and safety concerns that fail to show that an injury is certainly impending as required under Supreme Court precedent. Plaintiff also attempts to raise an aesthetic or recreational injury, but this purported injury relies on the same economic and safety concerns, attempts to improperly raise interests of third parties, and likewise fails to establish an injury in fact. Plaintiff fails to carry its burden in establishing Article III standing and its Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Likewise, Plaintiff fails to establish that its alleged harms fall within the National Environmental Policy Act's ("NEPA") zone of interests. NEPA is an environmental statute, and plaintiffs who fail to assert an interest in the physical environment lack prudential standing to seek redress under NEPA. Plaintiff does not allege any interest in the environment or any environmental harm resulting from the U.S. Bureau of Land Management's ("BLM") permitting decision. Therefore, Plaintiff fails to carry its burden in establishing prudential standing, and its NEPA claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                    1

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 7 of 25

# BACKGROUND

Defendants incorporate the factual and statutory background in Defendants' Motion.

# STANDARD OF REVIEW

## I.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction . . ."  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981).  Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam).  "[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).  "To invoke a federal court's subject-matter jurisdiction, a plaintiff . . . must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## II.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).  In addition, a complaint that fails to

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                          2

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 8 of 25

provide the grounds for the requested relief beyond labels and conclusions will not survive a motion challenging the sufficiency of a complaint's statement of the claim for relief under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (citation omitted)). While a plaintiff's material factual allegations are assumed to be true, district courts may not assume the truth of legal conclusions "merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

A court may consider material properly submitted as part of the complaint "without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A court may dismiss a claim under Rule 12(b)(6) if the plaintiff does not fall within the zone of interests protected by the law invoked. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011).

## ARGUMENT

### I.   PLAINTIFF LACKS ARTICLE III STANDING

This Court should dismiss Plaintiff's Complaint on the grounds that Plaintiff lacks standing to bring its claims. The critical threshold inquiry for jurisdiction in the federal courts is whether a plaintiff has demonstrated a "case or controversy" between the parties within the meaning of Article III of the United States Constitution. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A core component of the case or controversy inquiry is the doctrine of standing. *Allen v. Wright*, 468 U.S. 737, 751 (1984). To establish standing, a plaintiff bears the burden of demonstrating, at an "irreducible constitutional minimum," that: (1) it has suffered a "concrete

SUPPL. BR. IN SUPP. OF DEFS.' MOT. TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                 3

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 9 of 25

and particularized" injury which is "actual or imminent" rather than "conjectural or hypothetical[;]" (2) the injury was caused by or is "fairly . . . traceable to" the action of the defendants; and (3) a favorable decision by the court is likely to redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, the alleged injury must have actually occurred or be imminent. *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002). "[H]ypothetical, speculative, or other 'possible future' injuries do not" suffice to establish the requisite injury in fact. *Id*; *see also Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163-64 (9th Cir. 2017) (finding that plaintiff failed to allege sufficient injury in fact by alleging only the potential threat of future injury).

Plaintiff has not alleged a concrete and particularized injury to establish Article III standing. Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. at 560). A "'concrete' injury must be '*de facto*': that is, it must actually exist." *Id*; *see also Nat'l Audubon Soc'y, Inc. v. Davis,* 307 F.3d 835, 856 (9th Cir.2002) (to establish standing, all harms, including economic harms, must be "actual, discrete, and direct").

Plaintiff has not alleged a *de facto* harm in its Complaint, its many briefs, or in the Corrected Declaration of Michael Overcast, ECF No. 36 ("Overcast Decl."), that stems from BLM's issuance of a new heli-skiing permit to another company. Plaintiff alleges three types of injuries: (1) potential economic losses, *see* Overcast Decl. ¶¶ 23; 26; 38d; 38e; 38f; 38g; 38j; 42, (2) theoretical safety concerns, *see id.* ¶¶ 19; 20; 38a; 38b; 38c; 41, and (3) an alleged procedural

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                          4

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 10 of 25

deficiency by BLM, *see id.* ¶¶ 25; 27-37; 38h; 38i. Plaintiff's response to Defendants' Motion raised a fourth injury—an alleged aesthetic or recreational injury resulting from unfavorable "snow conditions" on the mountains. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss & Reply in Supp. of Mot. for Prelim. Inj. 7-8, ECF No. 20 ("Pl.'s Mem."). None of these purported injuries satisfy the injury in fact element of standing. *See Graham v. FEMA,* 149 F.3d 997, 1002 (9th Cir. 1998) ("In suits against the government, therefore, when plaintiffs have not already suffered a tangible loss at the government's hands, they must establish a substantial likelihood that they 'personally' will be injured in the future by the government's policy.").

    A. <u>Plaintiff's Alleged Economic Injury Fails to Establish an Injury in Fact</u>

       Plaintiff has not provided the Court with factual support showing that its business has actually suffered or is likely to suffer as a result of the challenged action. Plaintiff offers only an unsupported, subjective concern that its position in the Alaskan heli-skiing marketplace is threatened. Pl.'s Mem. 8-9. This is exactly the type of "naked assertion" the Supreme Court and Ninth Circuit have instructed courts to reject. *Iqbal,* 556 U.S. at 678 (courts need not accept as true "'naked assertion[s]' devoid of 'further factual enhancement'"); *Maya*, 658 F.3d at 1068 (plaintiff may not "rely on a bare legal conclusion to assert injury-in-fact" to establish standing); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970 (N.D. Cal. 2015) ("[C]onclusory allegations of economic loss stemming from a speculative future risk of harm cannot establish Article III standing unless plaintiffs plead 'something more.'"), *aff'd,* No. 16-15496, 2017 WL 6525501 (9th Cir. Dec. 21, 2017).

       Plaintiff's reliance on Government action, here issuance of a permit to Alaska Snowboard Guides ("ASG"), as evidence of future economic harm is insufficient to establish standing because Plaintiff must still provide *some* factual support for its claim. It is true that, in certain

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.,* No. 3:18-cv-91                                        5

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 11 of 25

circumstances, economic actors have standing to challenge government policies affecting their competitors. *See Int'l Bhd. of Teamsters v. U.S. Dep't of Transp.*, 861 F.3d 944, 948 (9th Cir. 2017); *Nat'l Audubon Soc'y,* 307 F.3d at 856. However, even in those circumstances, a plaintiff must still provide factual support for its claim to provide a sufficient foundation for Article III standing. *See Regents of Univ. of Cal. v. Shalala,* 872 F.Supp. 728, 737 (C.D. Cal. 1994) (concluding that "assertions of possible economic injury are too conjectural and hypothetical" to establish an injury in fact) *aff'd,* 82 F.3d 291 (9th Cir. 1996); *Abbott Labs v. Gardner,* 387 U.S. 136, 153 (1967) (explaining that "a possible financial loss is not by itself a sufficient interest to sustain a judicial challenge to governmental action"); *Longstreet Delicatessen, Fine Wines & Specialty Coffees, L.L.C. v. Jolly,* No. 1:06-cv-00986-OWW DLB, 2007 WL 2815022, at *18 (E.D. Cal. Sept. 25, 2007) (allegations of economic harm are insufficient where plaintiff "has offered no evidence of actual harm suffered other than by potential lost sales.").

Plaintiff fails to make any colorable showing that its business has actually suffered or is likely to suffer as a result of an additional heli-skiing permit. Therefore, Plaintiff fails to meet its burden that its speculative economic concerns establish an injury in fact. *See also Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (even with generous pleading standards, plaintiff's complaint failed to sufficiently allege the essential elements of Article III standing).

B. Plaintiff's Alleged Public Safety Concerns Fail to Establish an Injury in Fact

Similarly, Plaintiff does not provide the Court with any support showing a likely increase in avalanches or accidents. Instead, Plaintiff merely posits that such events may occur. Such speculative fears do not establish "concrete and particularized" and "actual or imminent" injuries. *See Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice*, 816 F.3d 1241, 1250 (9th Cir.

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                     6

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 12 of 25

2016).  When alleging a potential future event that might cause injury, like a potential avalanche or helicopter accident, the Supreme Court has emphasized that the "'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (alterations in original) (citation omitted); *see also Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 922 (N.D. Cal. 2015) (interpreting *Clapper* to abrogate previous future injury standards for purposes of standing).

Plaintiff's briefs fail to show that injuries to health and safety are "certainly impending" as required by *Clapper*.  Plaintiff's only attempted support for its claim is a misrepresentation of past accidents in Alaskan mountains.  *See* Pl.'s Mem. 35 ("Triumvirate did provide evidence (which the BLM only verified) that the type of catastrophic injury it is seeking to prevent— avalanches and heli-skier deaths—has recently occurred in Alaska."), *id*. 41 ("BLM confirmed multiple deaths occurred in recent years . . . ").  Plaintiff has provided no evidence of, nor is Defendant aware of, any helicopter crashes or collisions on these BLM-managed lands.  Thus, Plaintiff did not provide this Court with any factual support for its concerns related to helicopter accidents.  One person was fatally injured in a snow cornice collapse in 2014 when a heli-skiing operator trespassed on BLM lands closed to heli-skiing.  Defs.' Mot. 4.  That death could not have been caused by the alleged harm Plaintiff complains of because no operators were allowed to conduct heli-skiing on that land.  Three other people were fatally injured in avalanches on State of Alaska lands between 2012 and 2014, and Plaintiff has provided no information as to whether those deaths occurred in areas of so-called "stacking" heli-skiing operators, whether heli-skiing contributed to those avalanches, or how any of those deaths are relevant to Plaintiff's claim here.  *Id*

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                          7
Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 13 of 25

Here, Plaintiff has not pleaded facts demonstrating that avalanches or helicopter accidents over the expansive 428,000 acre area are certainly impending.  Indeed, Plaintiff provides this Court with bald assertions and little else to support its claim.  Such assertions do not establish standing.  *See W. Expl., LLC v. U.S. Dep't of the Interior*, 250 F. Supp. 3d 718, 734 (D. Nev. 2017) (concern that agency action may result in increased wildfires and diminished public safety on roads was not supported in plaintiff's pleadings and was, therefore, insufficient to establish standing); *Physicians Comm. for Responsible Med. v. U.S. E.P.A,* No. C 05-04093 CRB, 2006 WL 3000657, at *5 (N.D. Cal. Oct. 20, 2006), *aff'd,* 292 F. App'x 543 (9th Cir. 2008).

C.  <u>Plaintiff's Alleged Procedural Injury Fails to Establish an Injury in Fact</u>

Plaintiff's alleged procedural injuries, absent a concrete, particularized, and imminent injury-in-fact, have no significance.[1]  It is well-established, and the parties agree, that a procedural injury, alone, cannot establish standing.  *See* Pl.'s Mem. 9 n.2.  As the Supreme Court has explained, "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *Wilderness Soc'y Inc. v. Rey,* 622 F.3d 1251, 1260 (9th Cir. 2010) ("[P]rocedural injury, standing on its own, cannot serve as an injury-

---

[1] Plaintiff has never addressed Defendants' argument that Plaintiff lacks standing to allege an interest in Dall sheep.  As Defendants argued in their Motion and Reply, "Plaintiff lacks standing to advance the Dall sheep claim because Plaintiff has not alleged an interest in Dall sheep, cannot do so because of permit conditions that require it to avoid Dall sheep, and has previously represented that Dall sheep do not inhabit the areas where Plaintiff engages in heli-skiing." Defs.' Reply 5 n.2 (citing Defs.' Mot. 11-12).  Therefore, Plaintiff has waived any argument to the contrary. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in an opposition to a motion to dismiss); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009); *see also Seminole Nation of Okla. v. Norton,* No. 01-5418, 2002 WL 1364249, at *1 (D.C. Cir. May 24, 2002) ("As an initial matter, appellant arguably waived its arguments . . . by failing to raise them in its response to the motion to dismiss.").

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                    8

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 14 of 25

in-fact."). Plaintiff's failure to support its alleged economic and safety injuries leaves it only with a procedural injury, and that is insufficient to establish standing.

      D.  <u>Plaintiff's Alleged Aesthetic or Recreational Injury Fails to Establish an Injury in Fact</u>

      Plaintiff's purported aesthetic or recreational injury fails to establish standing because it either repackages Plaintiff's previously discussed three categories of injuries (economic, safety, and procedural), or it purports to assert the aesthetic interests of third parties not before this Court. Plaintiff claims that it has alleged an aesthetic or recreation interest "in favorable snow conditions" through paragraphs 16, 38(c)-(g), (i), 41, and 42 of the Overcast Declaration and paragraphs 110-112 of its Complaint. *See* Pl.'s Mem. 7-8. However, the majority of these paragraphs assert either speculative economic injuries to Plaintiff's business interests or concerns about public health and safety. For example, paragraphs 38(d)-(g) and 42 of the Overcast Declaration discuss increased "competition for the prime skiing locations;" "a reduction in business viability;" and increased costs for fuel and expenses, which could lead Plaintiff to decrease its investments in the area. Overcast Decl. ¶¶ 38(d)-(g); 42. Paragraphs 38(c) and 41 focus on health and safety concerns, and paragraph 38(i) focuses on Plaintiff's alleged procedural injury. Similarly, the remaining paragraphs purport to offer the expert opinion of an unqualified declarant, *id.* ¶ 41, or repeat previous assertions, *see* Compl. ¶¶ 110-12. Plaintiff's purported aesthetic interests merely restate its economic, safety, or procedural allegations and do not establish standing.

      If any aesthetic or recreational interests are asserted, they are not Plaintiff's own interests but rather those of Plaintiff's potential customers. Plaintiff points to the title of its permit, a "special recreation permit," in support of its argument that it enjoys a recreational interest in the permit area. *See* Pl.'s Mem. 8, 29. But the permit is plainly for "commercial helicopter skiing

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91      9

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 15 of 25

operations on BLM lands in the Neacola and Tordrillo Mountains . . . " Triumvirate Permit, ECF No. 13-5, at 1. The permit allows Triumvirate, a limited liability company, to provide commercial heli-skiing to paying customers. Any recreational interest in the area belongs to Triumvirate's patrons, who are not before this Court. Plaintiff's attempt to rely on vicarious aesthetic interests in the area thus fails because a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 499; *see also Erdos v. S.E.C.,* 742 F.2d 507, 508–09 (9th Cir. 1984) (securities dealer lacked standing to challenge the constitutionality of regulations affecting the customer, not the securities dealer); *Johnson v. Stuart,* 702 F.2d 193, 195 (9th Cir. 1983) (teachers lacked standing to challenge Oregon statutory scheme regulating the selection of textbooks, when the alleged constitutional violation affected students).

Triumvirate's own allegations confirm it has no recreational interests, but instead attempts to assert the interests of third parties. The paragraphs cited in Plaintiff's Memorandum focus on how the company's potential customers may be unhappy with the prospect of someone else skiing on snow that they wish to use. *See* Overcast Decl. ¶ 38(f) ("This breaks a covenant with our clients, who come from all over the world to recreate on the untracked powder runs we offer."). Triumvirate, LLC has no standing to assert the aesthetic or recreational interests of potential customers or any other third parties. "[B]usiness entities generally do not have aesthetic or recreational interests, and they cannot support their standing by asserting the aesthetic or recreational interests of their employees or customers." *United States v. W. Radio Servs. Co.*, 869 F. Supp. 2d 1282, 1286 n.2 (D. Or. 2012) *aff'd sub nom. Oberdorfer v. Jewkes,* 583 F. App'x 770 (9th Cir. 2014); *see Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100,

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                        10

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 16 of 25

1106 (9th Cir. 2006). Any purported aesthetic or recreational interests are held by third parties not before this Court and cannot establish Plaintiff's standing.

Even if the Court accepts Plaintiff's aesthetic or recreational injuries, they are not imminent, concrete and particularized.[2] Similar to Plaintiff's alleged economic, safety, and procedural injuries, the alleged aesthetic or recreational injury is a speculative, "possible future injury" and not one that is "certainly impending." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (citation omitted). Plaintiff's business interest in favorable snow conditions, which purportedly would be impacted from helicopter accidents and avalanches, is too remote to establish an imminent injury. *See* Defs.' Mot. 10-12; *see also Citizens Coordinating Comm. on Friendship Heights, Inc. v. Wash. Metro. Transit Auth.,* 765 F.2d 1169, 1173 (D.C. Cir. 1985) ("Aesthetic injury presupposes the ability to sense one's surroundings . . . Though a corporation is a person for some purposes, we would be most reluctant to hold that it has senses and so can be affronted by deteriorations in its environment. That is beyond the reach of legal fiction and belongs in the realm of poetic license."). Thus, similar to Plaintiff's other three alleged injuries, Plaintiff fails to meet its burden that it has suffered an injury in fact, and its Complaint should be dismissed under Rule 12(b)(1).

For these reasons, Plaintiff has failed to demonstrate a sufficient injury in fact to establish Article III standing, and this Court should accordingly dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1).

---

[2] It is worth noting that Plaintiff alleges an aesthetic harm under NEPA from conduct it is also engaging in. *See W. Radio Servs. Co.,* 869 F. Supp. 2d at 1286 ("The court also notes that [plaintiff] is alleging an aesthetic harm from conduct—the construction of a new tower on Walker Mountain—in which he seeks to engage himself.").

## II.    PLAINTIFF LACKS PRUDENTIAL STANDING

In addition to establishing Article III standing, a plaintiff must overcome the prudential limitations on standing as enunciated by the Supreme Court.  *Warth*, 422 U.S. at 498 (question of standing "involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise.").  "Because NEPA does not provide for a private right of action, plaintiffs challenging an agency action based on NEPA must do so under the Administrative Procedure Act ('APA') . . . "  *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 939 (9th Cir. 2005) (citations omitted).  When seeking relief under the APA, the question becomes whether the interest that a plaintiff seeks to protect is "within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for [its] complaint." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 883 (1990).

It is well-settled that "to assert a claim under NEPA, a plaintiff must allege injury to the environment . . . "  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1103 (9th Cir. 2005).  Thus, "NEPA is concerned with harm to the physical environment: 'If a harm does not have a sufficiently close connection to the physical environment, NEPA does not apply.'"  *Id.* (quoting *Metro. Edison Co. v. People Against Nuclear Energy,* 460 U.S. 766, 778 (1983)).

When evaluating both Article III and prudential standing, the same alleged injury must satisfy both standards.  *Yount v. Salazar*, Nos. CV11-8171 PCT-DGC, CV12-8038 PCT DGC, CV12-8042 PCT DGC, CV12-8075 PCT DGC, 2014 WL 4904423, at *6 (D. Ariz. Sept. 30, 2014) ("[T]he injury that supplies constitutional standing must be the same as the injury within the requisite 'zone of interests' for purposes of prudential standing." (citation omitted)), *aff'd sub*

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                      12

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 18 of 25

*nom. Nat'l Mining Ass'n v. Zinke,* 877 F.3d 845 (9th Cir. 2017), *petition for cert. docketed* No. 17-1290, (U.S. Mar. 13, 2018), *petition for cert. docketed* No. 17-1286, (U.S. Mar. 13, 2018).

Economic interests are not within NEPA's zone of interests, and Plaintiff's alleged economic injury fails to establish prudential standing. The purpose of NEPA is not to protect economic interests, and plaintiffs who assert only economic, and not environmental, injuries do not have standing to challenge an agency action under NEPA. *Nev. Land Action Ass'n v. U.S. Forest Serv.,* 8 F.3d 713, 716 (9th Cir. 1993); *see also Am. Indep. Mines & Minerals Co. v. U.S. Dep't of Agric.*, 494 F. App'x 724, 726-27 (9th Cir. 2012). Plaintiff claims injuries to its business in the form of money spent on the 2014 Environmental Assessment, Overcast Decl. ¶ 23, potentially higher costs for helicopter operations, *id.* ¶ 38g, and potential loss of earnings from unhappy customers, *id.* ¶¶ 26; 38d; 38e; 38f; 38j; 42. Plaintiff's declaration emphasizes its displeasure that a new heli-skiing permit "injures Triumvirate's operational, business, and economic interests in marketing a premium helicopter skiing experience to guests . . . " *Id.* ¶ 38j. Plaintiff's competitive interests within its industry plainly fall outside of the zone of interests protected under NEPA. *See Nev. Land,* 8 F.3d at 716; *Am. Indep. Mines & Minerals Co. v. U.S. Dep't of Agric.,* 733 F. Supp. 2d 1241, 1262 (D. Idaho 2010), *aff'd,* 494 F. App'x 724 (9th Cir. 2012); *Oberdorfer v. Jewkes*, 583 F. App'x 770, 773 (9th Cir. 2014); *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 903 (9th Cir. 1996).

Plaintiff's unsupported concerns regarding public health and safety similarly fall outside of NEPA's zone of interests. NEPA is an environmental statute, and a plaintiff must assert an environmental interest for its claims to fall within NEPA's zone of interests. *See Ranchers Cattlemen*, 415 F.3d at 1103-04 ("While it is true that NEPA contains references to human health in its statement of policy . . . as the Supreme Court has explained, those references are to the

SUPPL. BR. IN SUPP. OF DEFS.' MOT. TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                    13

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 19 of 25

statute's goals, not its means."). Plaintiff's briefs cite no authority to the contrary. Plaintiff's alleged safety harms are an increased risk of a mid-air helicopter collision and that the presence of an additional heli-skiing provider will increase the risk that Plaintiff's employees and clients will be caught in an avalanche. *See* Overcast Decl. ¶¶ 15, 19, 38, 41. Neither allegation is supported by any scientific or other evidence establishing that either is likely or how ASG's activities will increase their likelihood—Plaintiff relies entirely on conclusory allegations. But, more fundamentally, Plaintiff does not allege that either helicopter collisions or avalanches will harm the environment. Plaintiff has not directed this Court to a single case where a plaintiff was permitted to assert a safety interest wholly untethered from a harm to the physical environment. NEPA embraces no such interest—as the Supreme Court has made plain, "although NEPA states its goals in sweeping terms of human health and welfare, these goals are *ends* that Congress has chosen to pursue by *means* of protecting the physical environment," and "[i]f a harm does not have a sufficiently close connection to the physical environment, NEPA does not apply." *Metro. Edison Co.,* 460 U.S. at 773, 775-79 (footnote omitted).

In sum, Plaintiff has not only failed to sufficiently plead an alleged safety injury, but it "has failed to show any relationship between risks to human health and environmental harms" and consequently "its injury falls outside of NEPA's zone of interests." *Ranchers Cattlemen*, 415 F.3d at 1103-04; *see also Maiden Creek Assocs. v. U.S. Dep't of Transp.*, 123 F. Supp. 3d 638, 648 n.15 (E.D. Pa. 2015) (holding that "allegations regarding potentially unsafe conditions" stemming from a highway corridor project fall outside of NEPA's zone of interests under the *Metro. Edison* analysis), *aff'd,* 823 F.3d 184 (3d Cir. 2016); *Strata Prod. Co. v. Jewell*, No. CV 13-205 JCH-GBW, 2014 WL 12789010, at *14 (D.N.M. Aug. 11, 2014) (holding that "safety and economic interests are insufficient to fall within NEPA's zone of interests without an

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                    14

Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 20 of 25

additional environmental interest."); *Town of Stratford, Conn. v. FAA*, 285 F.3d 84, 88 (D.C. Cir. 2002) (finding that plaintiff lacked prudential standing where it asserted general safety concerns and economic injuries only).

Plaintiff's alleged procedural injury, alone, fails to establish prudential standing. In order to establish standing in the NEPA context, in addition to a procedural injury, a plaintiff must assert some concrete interest that is protected by the statute. *See Lujan v. Defs. of Wildlife,* 504 U.S. at 573 n.8 ("We do *not* hold that an individual cannot enforce procedural rights; he assuredly can, so long as the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing."); *Yount v. Salazar*, Nos. CV11-8171 PCT-DGC, CV12-8038 PCT DGC, CV12-8042 PCT DGC, CV12-8075 PCT DGC, 2013 WL 93372, at *24 (D. Ariz. Jan. 8, 2013) ("Because the Court already has found that NEPA procedures are not designed to protect the non-environmental interests [plaintiff] asserts, its assertion of procedural standing fails."); *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 664-65 ("a procedural-rights plaintiff must show not only that the defendant's acts omitted some procedural requirement, but also that it is substantially probable that the procedural breach will cause the essential injury to the plaintiff's own interest."). As an initial matter, BLM *did* communicate with Plaintiff regarding the permit it was issuing to ASG. *See* Decl. of Stephanie Kuhns ¶ 17, ECF No. 13-1 ("Kuhns Decl."). Further, BLM was not required to communicate with Plaintiff in issuing a Determination of NEPA Adequacy, as discussed in Defendants' opening brief and in Defendants' Supplemental Brief in Support of Defendants Response in Opposition to Plaintiff's Motion for Preliminary Injunction. Regardless, Plaintiff's alleged procedural deficiency is insufficient, alone, to establish prudential standing.

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                          15
Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 21 of 25

Plaintiff's alleged aesthetic and recreational interests fail to establish prudential standing because they improperly raise interests of third parties not before this Court. As discussed *supra*, Plaintiff's purported "recreational interests" should be rejected, both as a transparent attempt to characterize an economic interest in providing heli-skiing services to its paying customers as an interest in the recreational value of the permit area and because a business entity may not support its standing by asserting purported interests of its customers.

In sum, there can be no reasonable argument that in enacting NEPA Congress intended to benefit the business interests of a competing heli-skiing operator.[3] Defendants' briefing demonstrates that none of Plaintiff's purported injuries allege a harm to the physical environment as required by *Metro. Edison* and *Ranchers Cattlemen*. Plaintiff must allege an injury that establishes standing under both Article III and NEPA, and it has failed to do so. As such, Plaintiff's NEPA claims should be dismissed.

## III.   PLAINTIFF'S STAND-ALONE APA CLAIM IS NOT JUSTICIABLE

Plaintiff's eighth claim for relief, which is a "stand-alone" Administrative Procedure Act ("APA") claim, should be dismissed because such a claim is not justiciable and because this claim is duplicative of the other NEPA and FLPMA claims. Plaintiff's APA claim merely repeats the standard of review the Court applies in adjudicating claims under NEPA and

---

[3] While not dispositive, Plaintiff's status as a private company is probative and an indication that its claim is focused on the well-being of its business and not the environment. *See Scott v. United States*, No. CV-08-0138-E-BLW, 2009 WL 482893 (D. Idaho Feb. 24, 2009), *aff'd*, 366 F. App'x 776 (9th Cir. 2010) (challenge by heli-skiing operator dismissed for lack of standing where Plaintiff offered no evidence that he sought to promote the purposes of NEPA); *Cal. Forestry Ass'n v. Thomas,* 936 F. Supp. 13, 22 (D.D.C.1996) (finding no standing where the environmental injury alleged by plaintiffs was "in fact no more than an economic injury in disguise."); *Consejo de Desarrollo Economico de Mexicali, AC v. United States,* 438 F. Supp. 2d 1194, 1203 (D. Nev. 2006) (finding the plaintiff organization lacked standing to press environmental claims as its stated purpose was to promote its economic interests).

FLPMA.  "[T]he APA relates to the court's authority and standard of review of agency actions, and does not give rise to a cause of action absent some other statutory or regulatory duty . . ." *Or. Nat. Res. Council Action v. U.S. Forest Serv.,* 445 F. Supp. 2d 1211, 1223 n.3 (D. Or. 2006) (citing *Or. Nat. Res. Council v. Thomas,* 92 F.3d 792, 798-99 (9th Cir. 1996)).  Because Plaintiff has asserted a nonjusticiable and duplicative claim, this Court may dismiss it under Rule 12(b)(6).  *See M.M. v. Lafayette Sch. Dist.,* 681 F.3d 1082, 1091 (9th Cir. 2012) ("[i]t is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); *see also Agdaagux Tribe of King Cove v. Jewell*, No. 3:14-CV-0110-HRH, 2014 WL 12513891, at *6 (D. Alaska Dec. 19, 2014).

## CONCLUSION

Plaintiff fails to satisfy the injury in fact element of Article III standing because its alleged injuries are neither concrete and particularized nor imminent.  Plaintiff's filings allege potential economic injuries, theoretical public health and safety concerns, and procedural violations of NEPA.  None of those injuries establish the requisite injury in fact.  Plaintiff's purported aesthetic injury is not properly before this Court as it is a third party interest, but even if it was before the Court, it similarly fails.  As such, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1).  Further, Plaintiff fails to demonstrate that its alleged injuries fall within NEPA's zone of interests as required to establish prudential standing, and the Court should dismiss Counts I through V under Federal Rule of Civil Procedure 12(b)(6).

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                  17
Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 23 of 25

Respectfully submitted this 24th day of April, 2018,

JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/  *S. Derek Shugert*
S. DEREK SHUGERT (OH No. 84188)
TYLER M. ALEXANDER (CA Bar No. 313188)
Natural Resources Section
Trial Attorneys
PO Box 7611
Washington, DC  20044-7611
Tel: (202) 514-9269 (Shugert)
Tel: (202) 305-0238 (Alexander)
Fax: (202) 305-0506
shawn.shugert@usdoj.gov
tyler.alexander@usdoj.gov

Attorneys for Federal Defendants

Suppl. Br. in Supp. of Defs.' Mot. to Dismiss under Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                    18
Case 3:18-cv-00091-HRH   Document 41   Filed 04/24/18   Page 24 of 25

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of April, 2018, I filed the foregoing SUPPLEMENTAL

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL

RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) electronically through the CM/ECF

system, which caused all parties or counsel of record to be served by electronic means, as more

fully reflected on the Notice of Electronic Filing.


_____ /s/  *S. Derek Shugert* _____
S. Derek Shugert
Attorney for Federal Defendants