JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General
Environment & Natural Resources Division

S. DEREK SHUGERT (OH No. 84188)
TYLER M. ALEXANDER (CA Bar No. 313188)
Natural Resources Section
Trial Attorneys
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 514-9269 (Shugert)
Tel: (202) 305-0238 (Alexander)
Fax: (202) 305-0506
shawn.shugert@usdoj.gov
tyler.alexander@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRIUMVIRATE, LLC, | ) No. 3:18-cv-91-HRH ) ) |
| Plaintiff, | ) **DEFENDANTS' OPPOSITION TO** ) **PLAINTIFF'S MOTION FOR** |
| v. | ) **LEAVE TO FILE AMENDED** ) **COMPLAINT [ECF No. 46]** |
| RYAN ZINKE, *et al.*, | ) ) |
| Federal Defendants. | ) Hon. H. Russel Holland |

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

      I.    THE PROPOSED AMENDMENTS ARE FUTILE ....................................................... 3

           A.    Plaintiff is Barred from Relitigating Its Dismissed NEPA Claims ............ 3

           B.    Plaintiff Reasserts the Same Failed Interests .............................................. 5

           C.    Plaintiff's Proposed Amendments Fail as a Matter of Law ........................ 9

      II.   THE PROPOSED AMENDMENTS CAUSE PREJUDICE AND UNDUE
           DELAY ................................................................................................................... 12

CONCLUSION ..................................................................................................................... 13

DEFS.' OPP'N. TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, NO. 3:18-cv-91                                                                                                i
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 2 of 20

# TABLE OF AUTHORITIES

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
 465 F.3d 946 (9th Cir. 2006) .................................................................................... 2, 13

*Atkins v. Astrue*,
 No. C 10–0180 PJH, 2011 WL 1335607 (N.D. Cal. Apr. 7, 2011) ............................ 2

*Bertram v. Sizelove*,
 No. 1:10-CV-00583-AWI, 2012 WL 3201838 (E.D. Cal. Aug. 3, 2012) .................. 8

*Bever v. CitiMortgage, Inc.*,
 No. 1:11-CV-01584-AWI, 2014 WL 1577250 (E.D. Cal. Apr. 18, 2014) ................ 7

*Bicycle Trails Council of Marin v. Babbitt*, 82 F.3d 1445 (9th Cir. 1996) ............................... 9, 10

*Bowles v. Reade*,
 198 F.3d 752 (9th Cir. 1999) .................................................................................... 2

*Cascadia Wildlands Project v. Conroy*,

 No. CIV. 04-6440-TC, 2006 WL 758541 (D. Or. March 24, 2006) ........................ 10

*Gabrielson v. Montgomery Ward & Co.*,
 785 F.2d 762 (9th Cir. 1986) .................................................................................... 3, 7

*Jackson v. Bank of Hawaii*,
 902 F.2d 1385 (9th Cir. 1990) .................................................................................. 2

*Johnson v. Buckley*,
 356 F.3d 1067 (9th Cir. 2004) .................................................................................. 3

*Kerr v. Zacks Inv. Research, Inc.*,
 No. 3:16-cv-01352-GPC-BLM, 2016 WL 5464554 (S.D. Cal. Sept. 29, 2016) ....... 13

*Kingman Reef Atoll Invs., L.L.C. v. U.S. Dep't of Interior*,
 195 F. Supp. 2d 1178 (D. Haw. 2002) ..................................................................... 8

*Lago v. Pac. Bell Tel. Co.*,
 No. C 08-2451 SI, 2008 WL 4559739 (N.D. Cal. Oct. 11, 2008) ............................ 4

*Lans v. Digital Equip. Corp.*,
 252 F.3d 1320 (Fed. Cir. 2001) ................................................................................ 4

*Lans v. Gateway 2000, Inc.*,
 84 F. Supp. 2d 112 (D.D.C. 1999) ........................................................................... 4

*Lopez v. Sw. Airlines Co.*,
 No. 3:08-CV-01975-O, 2013 WL 12121233 (N.D. Tex. July 10, 2013) ................. 4

*Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*,
 123 F. Supp. 3d 638 (E.D. Pa. 2015) ....................................................................... 13

DEFS.' OPP'N. TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                                          ii
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 3 of 20

*MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*,
  281 F. Supp. 3d 1309 (S.D. Fla. 2017) ............................................................................... 4

*Metro. Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766 (1983) ................................ 9

*Miller v. Rykoff–Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ............................................................................................. 3

*Ming Bao v. U.S. Citizenship & Immigration Servs.*,
  No. CV135730GHKAGRX, 2014 WL 12616614 (C.D. Cal. Feb. 10, 2014) ........................... 4

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1990) ........................................................................................... 2

*Nat. Res. Def. Council, Inc. v. U.S. Forest Serv.*, 634 F. Supp. 26 1045 (E.D. Cal. 2007) .......... 10

*Neravetla v. Va. Mason Med. Ctr.*,
  705 F. App'x 520 (9th Cir. 2017) ....................................................................................... 9

*Nev. Land Action Ass'n v. U.S. Forest Serv.*,
  8 F.3d 713 (9th Cir. 1993) ................................................................................................. 8

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
  779 F.3d 1036 (9th Cir. 2015) ........................................................................................... 5

*Oberdorfer v. Jewkes*,
  583 F. App'x 770 (9th Cir. 2014) ....................................................................................... 8

*Phx. Sol., Inc. v. Sony Elecs., Inc.*,
  637 F. Supp. 2d 683 (N.D. Cal. 2009) .............................................................................. 12

*Roney v. Miller*,
  705 F. App'x 670 (9th Cir. 2017) ..................................................................................... 13

*Safady v. BLM,*
  No. 04-3013-CO, 2004 WL 2958422 (D. Or. Dec. 20, 2004) .......................................... 11

*Schwarz v. Meinberg,*
  No. CV1300356BROPLAX, 2016 WL 4744179 (C.D. Cal. Sept. 8, 2016) ........................... 8

*Smith v. Baldwin*,
  No. A04-0279 CV (JKS), 2005 WL 1073840 (D. Alaska Apr. 28, 2005) .............................. 8

*Stafford v. Mobil Oil Corp.*,
  945 F.2d 803 (5th Cir. 1991) ............................................................................................. 4

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ............................................................................................................ 3

*Summit Office Park, Inc. v. U.S. Steel Corp.*,
  639 F.2d 1278 (5th Cir. 1981) ....................................................................................... 3, 4

DEFS.' OPP'N. TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                    iii
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 4 of 20

*United States v. Alexander*,
  106 F.3d 874 (9th Cir. 1997) .................................................................................................. 8

*United States v. W. Radio Servs. Co.*,
  869 F. Supp. 2d 1282 (D. Or. 2012) ........................................................................................ 8

*Wilbur v. City of Mount Vernon*,
  No. C11-1100RSL, 2011 WL 13101827 (W.D. Wash. Oct. 17, 2011) .................................... 6

*Zangara v. Travelers Indem. Co. of Am.*,
  No. 1:05cv731, 2006 WL 825231 (N.D. Ohio Mar. 30, 2006) ................................................ 4

## **Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 3

Fed. R. Civ. P. 15(a) .................................................................................................................... 2

DEFS.' OPP'N. TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                          iv
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 5 of 20

# INTRODUCTION

Plaintiff's request that this Court revive five counts that the Court dismissed a mere three weeks ago should be denied. In dismissing claims brought under the National Environmental Policy Act ("NEPA"), the Court informed Plaintiff that "any attempt at amendment of plaintiff's complaint *would be futile*." Dismissal Order, ECF No. 43 at 18 (emphasis added). Ignoring the Court's instruction, Plaintiff now attempts to create jurisdiction where none exists. As set forth below, Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 46 ("Plaintiff's Motion"), should be denied because the proposed amendments, adding the Plaintiff-company's owner and employee, are futile. The Court can deny Plaintiff's Motion on procedural grounds alone; Plaintiff is barred from relitigating its NEPA claims because its lack of Article III standing precludes the substitution of a new plaintiff to create jurisdiction. Plaintiff's proposed amendments are also futile because the proposed new claims reassert the same injuries this Court already dismissed, and they fail as a matter of law. Finally, Plaintiff's proposed amendments result in prejudice to Federal Defendants and unduly delay resolution of this case.

# BACKGROUND

This action, along with a motion for preliminary injunction, was filed on March 5, 2018 in the District Court for the District of Columbia. Complaint, ECF No. 1, Motion for Preliminary Injunction, ECF No. 3. The complaint alleged five counts under NEPA, two counts under the Federal Land Policy and Management Act ("FLPMA"), and one stand-alone count under the Administrative Procedure Act ("APA"). Compl. ¶¶ 31-39. Defendants opposed Plaintiff's motion for preliminary injunction, moved to transfer the case to the District of Alaska, and moved to dismiss the complaint for lack of Article III and prudential standing. *See* ECF Nos. 13, 14, and 15.

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91  1
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 6 of 20

After the case was transferred, this Court granted Defendants' motion to dismiss, in part, finding that (1) Plaintiff lacked Article III standing to assert claims based on economic and aesthetic or recreational injuries; (2) Plaintiff established Article III standing with its purported health and safety injury and with its procedural injury; (3) Plaintiff lacked prudential standing to bring NEPA claims and all NEPA claims are dismissed with prejudice; and (4) Plaintiff's stand-alone APA claim is duplicative of its other claims and is dismissed with prejudice. Dismissal Order, ECF No. 43. In ruling on Plaintiff's lack of prudential standing, the Court held "[g]iven the nature of plaintiff's permitted activity and the human health and safety basis for plaintiff's NEPA claims, the court concludes that *any attempt at amendment of plaintiff's complaint would be futile*." *Id*. at 18 (emphasis added). Despite the Court's holding, Plaintiff filed a motion for leave to amend its complaint, seeking to add the owner of Plaintiff's company and one of its employees and to reassert all previously dismissed NEPA claims, on May 9, 2018.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Rule 15(a) is liberal and leave to amend "shall be freely given when justice so requires." *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles*, 198 F.3d at 758; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). The Court need not consider all of these factors in each case. *Atkins v. Astrue*, No. C 10–0180 PJH, 2011

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91    2
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 7 of 20

WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011).  "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).  A cause of action is futile if it cannot satisfy the Federal Rule of Civil Procedure 12(b)(6) threshold.  *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Rule 12(b)(6) requires the plaintiffs "to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Futility also includes "the inevitability of a claim's defeat on summary judgment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

## ARGUMENT

### I.   THE PROPOSED AMENDMENTS ARE FUTILE

#### A.   Plaintiff is Barred from Relitigating Its Dismissed NEPA Claims

This Court's finding that Plaintiff lacks Article III standing to assert recreational injuries under NEPA precludes Plaintiff from adding parties to create jurisdiction.  Where a plaintiff lacks Article III standing to assert certain claims, the court lacks subject matter jurisdiction to hear those claims.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998).  In particular, where "a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs[.]" *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981).  In *Summit*, the Fifth Circuit rejected appellants' argument that Summit, the original plaintiff, was entitled to amend the complaint to add new plaintiffs. *Id.*  The district court first determined that plaintiff lacked standing to bring certain claims and then appropriately found that "[s]ince Summit had no standing to assert a claim, it was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs." *Id.* at 1282-83.  Similarly here, this Court has already determined Plaintiff lacks Article III standing to assert a recreational injury, which Plaintiff

Defs.' Opp'n to Pl.'s Mot. for Leave to File Am. Compl.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                                3
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 8 of 20

attempts to do in its Motion and Proposed First Amended Complaint.  Plaintiff here cannot amend the complaint and "control the litigation by substituting new plaintiffs[.]"  *Id*. at 1282.

When a court lacks jurisdiction over a plaintiff's asserted claims, a plaintiff may not cure such a deficiency by adding a new party.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991).  Rule 15 does not exist to "allow a party to create jurisdiction where none actually existed."  *See, e.g., Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 116 (D.D.C. 1999), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) ("[W]hen a plaintiff never had standing to assert a claim against the defendant, plaintiff may not substitute a new plaintiff, a new defendant, or a new claim for the purpose of creating jurisdiction."); *Zangara v. Travelers Indem. Co. of Am.*, 2006 WL 825231, at *2-3 (N.D. Ohio Mar. 30, 2006) (holding that a plaintiff who lacks standing has no standing to amend the complaint to substitute a new plaintiff); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 281 F. Supp. 3d 1309, 1316 (S.D. Fla. 2017) ("Here, the original Plaintiffs have failed to show that they have standing.  Accordingly, Plaintiffs lack standing to amend the complaint to add new Plaintiffs who do have standing."); *Lago v. Pac. Bell Tel. Co.*, No. C 08-2451 SI, 2008 WL 4559739, at *2 (N.D. Cal. Oct. 11, 2008) (Where plaintiffs lack standing to bring specific claims, plaintiffs cannot amend the complaint to add new parties to establish standing against defendants.); *Ming Bao v. U.S. Citizenship & Immigration Servs.*, No. CV135730GHKAGRX, 2014 WL 12616614, at *1 (C.D. Cal. Feb. 10, 2014) (Plaintiffs cannot cure jurisdictional defects in the complaint by amending it to add new parties and claims); *Lopez v. Sw. Airlines Co*., No. 3:08-CV-01975-O, 2013 WL 12121233, at *5 (N.D. Tex. July 10, 2013) ("Plaintiffs cannot now reverse engineer a legitimate claim by inserting [new parties], because the Court never had proper subject-matter jurisdiction over even the broadest of these claims.").

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91    4
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 9 of 20

None of the cases cited by Plaintiff in its Motion involved claims where the Court found amendment of the complaint would be futile and dismissed those claims with prejudice. Plaintiff cites to ten cases in support of its contention that "[g]ranting leave to amend is particularly appropriate to permit a plaintiff to cure standing deficiencies." Pl.'s Mot. 6. However, none of those cases present the same facts and procedural history at issue here, and the courts in those cases did not issue rulings dismissing claims with prejudice. *See, e.g., Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043 (9th Cir. 2015) (The district court "dismissed Northstar's complaint for lack of standing *with a suggestion that this defect could be cured by filing an amended complaint*." (emphasis added)). Plaintiff lacks Article III standing to assert a recreational injury and is precluded from curing this defect through circumventing the Court's Dismissal Order and adding new parties.

B. <u>Plaintiff Reasserts the Same Failed Interests</u>

Plaintiff's Motion and Proposed First Amended Complaint restate the same recreational injury already dismissed with prejudice by this Court, and Plaintiff's Motion should be denied for the same reasons stated by the Court in its Dismissal Order. Plaintiff attaches to its Motion and Proposed First Amended Complaint a new declaration from Mr. Overcast, the owner of Plaintiff-Triumvirate. This declaration purports to assert recreational interests in Mr. Overcast's personal capacity. *See* Decl. of Plaintiff Michael Overcast, ECF No. 46-1, Ex. 15 (Overcast Decl.). However, Mr. Overcast's purported personal interests are identical to his interests as the owner of Triumvirate. For example, Mr. Overcast's original declaration, submitted in support of Plaintiff's complaint and request for preliminary injunction, stated:

> The BLM's decision to issue the special recreation permit to Alaska Snowboard Guides injures and materially damages Triumvirate [because] [i]t significantly increases the risks and hazards under which Triumvirate conducts its helicopter skiing operation.

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91   5
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 10 of 20

Corrected Overcast Decl., ECF No. 36 at ¶ 38a. That same paragraph, intended to support a newly raised recreational interest, now states:

> The BLM decision to issue the special recreation permit to Alaska Snowboard Guides injures . . . my recreational interests . . . because it significantly increases the baseline risks and hazards under which I fly and ski. *Id.* ¶36 ("I enjoy the aesthetic qualities of the remote and wild landscape of the Tordrillo and Neacola Mountains when I fly and ski.").

Overcast Decl. ¶ 37a. Mr. Overcast's original declaration also stated that BLM's decision injured Triumvirate because "[i]t requires Triumvirate to avoid terrain that it previously accessed because it introduces a third operator into the same area." Corrected Overcast Decl. ¶ 38c. That same paragraph, intended to support a newly raised recreational interest, now states that BLM's decision "injures my recreational interests . . . because it requires me to avoid terrain that I previously skied, and that I planned to ski." Overcast Decl. ¶ 37f. Finally, Mr. Overcast's new declaration concedes that his purported personal interests are tied to his interests as the owner of Triumvirate by asserting that "[t]he terrain I use under the current permit will be more heavily used during times of high pressure. The BLM decision injures the aesthetic and recreational interests that I share with our guests to participate in high quality helicopter skiing." *Id.* ¶ 37i.

Mr. Overcast is authorized to operate in the area specifically because he is the owner of Triumvirate. He flies helicopters and, apparently, skies with his paying customers because his business offers that service. His asserted recreational interest is identical to that interest the Court already dismissed with prejudice, and the Court should not allow Plaintiff to amend its complaint to add Mr. Overcast. *See Wilbur v. City of Mount Vernon*, No. C11-1100RSL, 2011 WL 13101827, at *2 (W.D. Wash. Oct. 17,

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91   6
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 11 of 20

2011) (Because Mr. Osborne's claims would be immediately subject to dismissal under Rule 12(b)(6), the Court finds that the proposed amendment to add Mr. Osborne as a plaintiff would be futile.); *see also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766-67 (9th Cir. 1986) (affirming district court's denial of leave to amend where "any amendment would have been futile in that it could be defeated on a motion for summary judgment").

Similarly, Plaintiff attaches a declaration from Mr. Steven Hall, one of Mr. Overcast's employees. *See* Decl. of Plaintiff Steven Hall, ECF No. 46-1, Ex. 16 ¶ 3 ("Hall Decl.") ("In 2017 I began working as a helicopter ski guide for Triumvirate, LLC . . ."). This declaration also purports to assert recreational interests in Mr. Hall's personal capacity. However, Mr. Hall's declaration merely states his duties and responsibilities as a ski guide for Triumvirate, and claims that his duties an employee of the company qualify as a personal recreational interest. For example, Mr. Hall states "I work as a helicopter ski guide at the Lodge because I enjoy . . . recreating," *id.* ¶ 4, "[t]he BLM decision injures my recreational interests in guiding people," *id.* ¶ 26b, and "[t]he BLM decision injures my recreational interests because it authorizes more skiers and more helicopters . . . thereby inviting a risky race for the prime skiing locations," *id.* ¶ 26f. Mr. Hall's recreational interests are not personal to him, rather they are duplicative of the previously rejected interests of Triumvirate. Tellingly, neither Mr. Hall nor Mr. Overcast aver that they use the permit to engage in recreational skiing other than on trips they make for the benefit of their customers.

For the same reasons, the purported recreational injuries sustained by Mr. Overcast and Mr. Hall fail to satisfy Article III. *See Bever v. CitiMortgage, Inc.*, No. 1:11-CV-01584-AWI, 2014 WL 1577250, at *11 (E.D. Cal. Apr. 18, 2014), *aff'd*, 708 F. App'x 341 (9th Cir. 2017)

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91    7
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 12 of 20

("Because this claim was previously dismissed with prejudice, Plaintiff may not attempt to amend the complaint to reassert the claim based on facts already known, or that should have been known to him at the inception of this suit[.]"); *see also Kingman Reef Atoll Investments, L.L.C. v. U.S. Dep't of Interior*, 195 F. Supp. 2d 1178, 1186–87 (D. Haw. 2002).[1]

Plaintiff's proposed amendments can also be denied under the law of the case doctrine. The law of the case doctrine states that "a court is generally precluded from reconsidering an issue that has already been decided by the same court." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). A court may depart from the law of the case only where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id*. In its Dismissal Order, this Court dismissed Plaintiff's NEPA claims (Counts I through V) with prejudice and found that "any attempt at amendment of plaintiff's complaint would be futile." Dismissal Order 18. As Plaintiff reasserts the same interests and Plaintiff's Motion fails to establish any exception to the law of the case doctrine, Plaintiff's attempt to amend its complaint should be rejected. *See Bertram v. Sizelove*, No. 1:10-CV-00583-AWI, 2012 WL 3201838, at *1 (E.D. Cal. Aug. 3, 2012) ("The court finds the law of the case doctrine requires the court to not give leave to amend a claim for which the court has already . . . dismissed with prejudice."); *Smith v. Baldwin*, No. A04-0279 CV (JKS), 2005 WL 1073840 (D. Alaska Apr. 28, 2005) (same); *Schwarz v. Meinberg,* No. CV1300356BROPLAX,

---

[1] Defendants point out, as they did in their previous filings, that Plaintiff and Plaintiff's owner and employees attempt to raise a recreational or aesthetic injury from the very conduct that they themselves engage in. *United States v. W. Radio Servs. Co.*, 869 F. Supp. 2d 1282, 1286 (D. Or. 2012), *aff'd sub nom. Oberdorfer v. Jewkes*, 583 F. App'x 770 (9th Cir. 2014) (The court also notes that Mr. Oberdorfer is alleging an aesthetic harm from conduct—the construction of a new tower on Walker Mountain—in which he seeks to engage himself."); *see also Nev. Land Action Ass'n v. U.S. Forest Serv.,* 8 F.3d 713, 716 (9th Cir. 1993).

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                  8
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 13 of 20

2016 WL 4744179, at *3 (C.D. Cal. Sept. 8, 2016); *Neravetla v. Va. Mason Med. Ctr.*, 705 F. App'x 520, 523 (9th Cir. 2017).

### C. Plaintiff's Proposed Amendments Fail as a Matter of Law

In its May 1, 2018 Order, this Court held that Plaintiff's alleged health and safety injuries were sufficiently imminent and concrete to survive dismissal at the 12(b) stage, Dismissal Order 12-13, but that that those injuries fall outside of NEPA's zone of interests because "plaintiff has failed to show any relationship between the increased risk to human health and safety and the physical environment." *Id.* at 17. In an attempt to cure that defect, Plaintiff asserts the exact same injuries, but now attempts to characterize them as injuries to the proposed individual plaintiffs' "recreational interests." Plaintiff's proposed amendments are thus futile, and this Court should deny Plaintiff's Motion.

In *Metropolitan Edison*, the Supreme Court held that alleged injuries to public health and safety, divorced from an impact to the environment, fall outside of NEPA's zone of interests, because "although NEPA states its goals in sweeping terms of human health and welfare, these goals are ends that Congress has chosen to pursue by means of protecting the physical environment." *Metro. Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766, 773 (1983) (internal citation omitted). Following *Metropolitan Edison*, the Ninth Circuit has expressly rejected the proposition that NEPA requires agencies to consider increased risk of accidents or the subjective experience of recreational users. In *Bicycle Trails Council*, plaintiffs challenged the National Park Service's ("NPS") 1992 adoption of a trail plan, which closed some trails to cyclists in the Golden Gate National Recreation Area ("GGNRA"). *Bicycle Trails Council of Marin v. Babbitt*, 82 F.3d 1445, 1449-51 (9th Cir. 1996). There, plaintiffs alleged that NPS "failed to consider the significant impact on traffic and safety of crowding bicycles that

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91     9
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 14 of 20

previously occupied 100% of GGNRA trails onto 64% of these trails. Further, plaintiffs allege[d] that the closing of trails will force bicyclists to travel more on paved roads shared with motor vehicles." *Id.* at 1466 (internal citations omitted). The Ninth Circuit rejected those claims as outside of NEPA's zone of interests, holding that:

> NEPA does not require that an agency take into account every conceivable impact of its actions, *including impacts on citizens' subjective experiences*. Rather, it requires agencies to take into account environmental impacts on the physical "world around us." Plaintiffs' argument that bicyclists being crowded onto fewer trails is such an environmental impact is incorrect. *An increased risk of accident is not an impact to the physical environment*.

*Id.* at 1466-67 (citing *Metro. Edison v. People Against Nuclear Energy*, 460 U.S. 766, 775 (1982) (emphasis added)); *accord Nat. Res. Def. Council, Inc. v. U.S. Forest Serv.*, 634 F. Supp. 2d 1045, 1063 (E.D. Cal. 2007) ("In *Bicycle Trails Council*, the Ninth Circuit found that the increased risk of accidents to bicyclists due to trail changes did not need to be addressed in the NEPA process." (citing *Bicycle Trails Council*, 82 F.3d at 1466-67)); *Cascadia Wildlands Project v. Conroy*, No. CIV. 04-6440-TC, 2006 WL 758541 at *8 (D. Or. Mar. 24, 2006) ("Consideration of effects to the physical environment is required; consideration of remote risks, is not." (citing *Bicycle Trails Council*, 82 F.3d at 1446)).

The declarations of Overcast and Hall each recite a list of purported "recreational" harms that Plaintiff avers fall within NEPA's zone of interests. Overcast alleges that his recreational interests are harmed because the permitting decision "significantly increases the baseline risks and hazards" of heli-skiing, increases the odds that he will be involved in an avalanche or helicopter accident, and requires him to avoid terrain that he has previously skied. Overcast Decl. ¶ 37. Hall advances an identical list of purported "recreational" interests. *See* Hall Decl. ¶ 26. If these alleged injuries look familiar, they should; they were pleaded in the original Complaint, Compl. ¶¶ 108-110, and were found by this Court to be outside of NEPA's zone of

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                    10
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 15 of 20

interests. Dismissal Order 17. Simply labeling the same allegations as "recreational injuries" does not cure that defect because the alleged injuries still do not involve an impact to the physical environment. *See Safady v. BLM*, No. 04-3013-CO, 2004 WL 2958422, at *4 (D. Or. Dec. 20, 2004) ("BLM did not need to consider remote risks such as trucks or helicopters crashing, or logs falling from the sky. Such risks are not likely to affect the physical environment.") (citing *Bicycle Trails Council*, 82 F.3d at 1446). In fact, other statements in the declarations make plain that Overcast and Hall are not advancing "recreational" injuries at all, but rather attempting to characterize Triumvirate's economic and business interests as "recreation." *See, e.g.*, Overcast Decl. ¶ 6 (alleging a "recreational" interest in for-profit heli-ski guiding); Overcast Decl. ¶ 37h (alleging a "recreational" interest in avoiding competition "for the prime skiing locations"); Hall Decl. ¶ 26b (alleging a "recreational" interest in guiding customers on heli-skiing trips).[2]

Additionally, Overcast continues to claim an injury to his and Triumvirate's alleged interest in "untracked snow." Overcast Decl. ¶ 37i. The Triumvirate EA, which Plaintiff does not challenge and which will be part of the Administrative Record lodged in this case, found that heli-skiing does not impact the visual beauty of the area in any more than a transient fashion because "[d]aily mountain winds and snowstorms would rapidly erase all evidence of this use allowing subsequent users to experience the pristine and untrammeled beauty of the Neacola Mountains" and because heli-skiing, due to its temporary duration and intermittent use, "can be

---

[2] Despite Plaintiff's unsupported assertion that whether Overcast and Hall engage in heli-skiing pursuant to their work on behalf of Triumvirate is "of no moment," Mot. for Leave at 13, the fact remains that Overcast and Hall are advancing economic and business interests derivative of their interests in Triumvirate, LLC, not recreational interests. *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/recreation (last visited May 23, 2018) (defining recreation as "refreshment of strength and spirits after work; a means of refreshment or diversion; hobby").

implemented in a manner that does not permanently impair existing wilderness characteristics." Triumvirate EA, ECF No. 13-2 at 11. Plaintiff's final proffered "recreational" injury is thus that Plaintiff's customers and staff may, on occasion, be forced to ski down slopes that bear the temporary and transient traces of other skiers—a subjective experience claim of the type rejected by the Ninth Circuit in *Bicycle Trails Council*. *See* 82 F.3d at 1446 (finding that the subjective trail experience of "bicyclists being crowded onto fewer trails" does not involve an impact to the physical environment). To the extent that ski tracks in snow can even be termed an "injury" at all, that injury is *de minimis* and does not constitute a legally cognizable injury under NEPA.

Plaintiff's Motion essentially asks the Court to reconsider its earlier decision, but under the guise of a motion for leave to amend rather than under Rule 59 or Rule 60. Plaintiff continues to assert—and continues to lack any colorable claim to enjoy—a primary right to skiing on public lands, averring that the presence of other recreational users impairs its ability to enjoy "fresh powder" and exposes it to increased safety risks. But, at bottom, neither an increased risk of accidents nor a desire to experience subjectively ideal ski conditions involves an impact to the physical environment. Plaintiff's proposed amended complaint suffers from the same defects this Court found in Plaintiff's original complaint—the injuries asserted fall outside of NEPA's zone of interests, and Plaintiff's NEPA claims would again be subject to immediate dismissal under Rule 12(b)(6). This Court should deny Plaintiff's Motion to amend as futile.

## II. THE PROPOSED AMENDMENTS CAUSE PREJUDICE AND UNDUE DELAY

In addition to being futile, Plaintiff's Motion results in prejudice and undue delay. In considering potential prejudice, courts consider whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." *See Phx. Sol., Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009). Examples of undue

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                       12
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 17 of 20

prejudice include where a party alleges new theories late in a case, increases discovery burdens, or forces a defendant to relitigate claims that have already been decided in a prior stage. *Kerr v. Zacks Inv. Research, Inc.*, No. 3:16-cv-01352-GPC-BLM, 2016 WL 5464554, at *3 (S.D. Cal. Sept. 29, 2016). Here, Plaintiff's Motion forces Defendants to relitigate claims that have already been dismissed with prejudice and with the Court's finding that an amendment would be futile. This is evidence of prejudice and supports denying Plaintiff's Motion.

When evaluating undue delay, the Ninth Circuit examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen,* 465 F.3d at 953 (quotation omitted). Here, Plaintiff certainly was aware of the existence of its owner and its employee, both of whom could have been parties to this action from outset. Courts also consider whether evidence exists of the moving party's dilatory motive. *Roney v. Miller*, 705 F. App'x 670, 671 (9th Cir. 2017). "A finding of dilatory motive is justified where the plaintiff acts 'in an effort to prolong litigation.'" *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 123 F. Supp. 3d 638, 653 (E.D. Pa. 2015). Examples include when the motion for leave "attempts to plead additional information that was previously available, and the plaintiff fails to provide an explanation as to why the information was not included in the original complaint." *Id.* Here, Plaintiff attempts to plead claims that were previously dismissed with prejudice, attempts to add parties who have the same interests as the Plaintiff-company, and attempts to add parties who could have been listed in the original complaint. Accordingly, Plaintiff's Motion should be denied.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiff's Motion.

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                13
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 18 of 20

Respectfully submitted this 23rd day of May, 2018,

JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General
Environment & Natural Resources Division

　/s/ *S. Derek Shugert*
S. DEREK SHUGERT (OH No. 84188)
TYLER M. ALEXANDER (CA Bar No. 313188)
Natural Resources Section
Trial Attorneys
PO Box 7611
Washington, DC  20044-7611
Tel: (202) 514-9269 (Shugert)
Tel: (202) 305-0238 (Alexander)
Fax: (202) 305-0506
shawn.shugert@usdoj.gov
tyler.alexander@usdoj.gov

Attorneys for Federal Defendants

DEFS.' OPP'N TO PL.'S MOT. FOR LEAVE TO FILE AM. COMPL.
*Triumvirate, LLC v. Zinke, et al.*, No. 3:18-cv-91                                                                                       14
Case 3:18-cv-00091-HRH   Document 48   Filed 05/23/18   Page 19 of 20

# CERTIFICATE OF SERVICE

I certify that on the 23rd day of May, 2018, I filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                        /s/ *S. Derek Shugert*
                                            S. Derek Shugert
                                      Attorney for Federal Defendants