IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TRIUMVIRATE, LLC, d/b/a TORDRILLO  )
MOUNTAIN LODGE,                    )
                                   )
                  Plaintiff,       )
                                   )
       vs.                         )
                                   )
RYAN ZINKE, in his capacity as Secretary of )
the Interior, et al.,              )
                                   )      No. 3:18-cv-0091-HRH
                  Defendants.      )
_____)

O R D E R

Motion for Leave to File Amended Complaint

Plaintiff moves for leave to file an amended complaint.[1]  This motion is opposed.[2]

Oral argument was requested but is not deemed necessary.

Background

Plaintiff is Triumvirate, LLC, d/b/a as Tordrillo Mountain Lodge.  Defendants are

Ryan Zinke, in his capacity as the Secretary of the Interior; the U.S. Department of Interior;

the U.S. Bureau of Land Management, an agency of the U.S. Department of Interior; and

---

[1]Docket No. 46.

[2]Docket No. 48.

Brian Steed, Deputy Director of the U.S. Bureau of Land Management, exercising authority as the Director.

In 2014, the BLM issued plaintiff a special recreation permit that allows plaintiff to conduct commercial heli-skiing on lands managed by the BLM in the Tordrillo and Neacola Mountains. Plaintiff's permit was later extended for ten years.

In February 2017, the BLM issued a special recreation permit to Silverton Mountain Guides for heli-skiing in the Tordrillo and Neacola Mountains, and in January 2018, the BLM issued a special recreation permit to the Alaska Snowboard Guides (ASG) for heli-skiing in the Tordrillo and Neacola Mountains.

On March 5, 2018, plaintiff commenced this action to challenge the BLM's issuance of a special recreation permit to ASG. In its complaint, plaintiff asserted violations of the National Environmental Policy Act (NEPA), the Federal Land Policy and Management Act (FLPMA), and the Administrative Procedures Act (APA). Defendants moved to dismiss plaintiff's NEPA and APA claims, and on May 1, 2018, the court granted the motion in part and denied it in part.[3] The court denied the motion as to the issue of constitutional standing, finding that although plaintiff did not have any recreational interest that could be injured, plaintiff had adequately alleged injury to its health and safety and procedural interests.[4] The court granted the motion to dismiss, however, as to the issue of whether plaintiff had

---

[3]Order re Motion to Dismiss at 18-19, Docket No. 43.

[4]Id. at 8-14.

prudential standing to bring its NEPA claims, finding that plaintiff's interest in human health and safety did not fall within NEPA's zone of interests, which also meant that its procedural interest did not fall within NEPA's zone of interests.[5] "Given the nature of plaintiff's permitted activity, and the human health and safety basis for plaintiff's NEPA claims, the court conclude[d] that any attempt at amendment of plaintiff's complaint would be futile."[6] As a result, plaintiff's NEPA claims were dismissed with prejudice.[7] The motion to dismiss was also granted as to plaintiff's stand-alone APA claim and this claim was dismissed with prejudice.[8]

On May 9, 2018, plaintiff filed the instant motion. Plaintiff seeks leave to amend its complaint to add two individual plaintiffs, Michael Overcast and Steven Hall. Overcast is "an owner and the General Manager of" plaintiff, and Hall is a helicopter ski guide who works for plaintiff. [9] Overcast and Hall seek to assert NEPA and FLMPA claims against defendants.

---

[5]Id. at 16-17.

[6]Id. at 18.

[7]Id. at 18-19.

[8]Id.

[9]Declaration of Plaintiff Michael Overcast at ¶ 3; Declaration of Plaintiff Steven Hall at ¶ 3; both appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

## Discussion

Plaintiff moves to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999)). The "court considers the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended [its] complaint.'" In re Western States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)). Of these factors, "prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Defendants do not contend that plaintiff is acting in bad faith in seeking to amend, and this is plaintiff's first request to amend its complaint. There has also not been any undue delay here. Plaintiff filed its original complaint six days after it first learned that the BLM had issued a permit to ASG and moved for leave to amend less than two weeks after the court issued its order on defendants' motion to dismiss. Although, as defendants point out, Overcast and Hall could have been plaintiffs in this action from the outset, any delay by plaintiff in attempting to add them as plaintiffs has been slight, and not undue.

As for prejudice, defendants "'bear[] the burden of showing prejudice[.]'" <u>Eminence Capital</u>, 316 F.3d at 1052 (quoting <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186-87 (9th Cir. 1987)). Defendants argue that they will suffer prejudice if plaintiff is allowed to file its proposed amended complaint because adding Overcast, Hall and the NEPA claims "would greatly change the parties' positions in the action, and require the assertion of new defenses." <u>Phoenix Solutions, Inc. v. Sony Electronics, Inc.</u>, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009). Defendants also argue that allowing plaintiff to amend to add Overcast, Hall, and the NEPA claims means that they will have to relitigate claims that have already been dismissed with prejudice.

Given that defendants have not yet filed an answer, allowing plaintiff to amend would not require the assertion of new defenses. Moreover, the merits of the NEPA claims have not yet been litigated. All the court has decided is that plaintiff did not have prudential standing to bring NEPA claims. This case is in the early stages of development and allowing plaintiff to amend will not prejudice defendants.

The question then becomes whether allowing plaintiff to amend would be futile. "'Futility alone can justify the denial of a motion to amend.'" <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Circ. 2004) (quoting <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2003)). The parties' arguments as to whether amendment would be futile focus on whether Overcast and Hall would have Article III and prudential standing to bring NEPA claims.

"The 'irreducible constitutional minimum of standing' consists of three elements: the plaintiff must have (1) suffered an injury in fact; (2) that was caused by the defendant's challenged conduct; and (3) that would be redressed by the remedy the plaintiff seeks." Desert Water Agency v. U.S. Dep't of the Interior, 849 F.3d 1250, 1253 (9th Cir. 2017) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). "A plaintiff establishes injury in fact, if he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1042 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)).

Plaintiff first argues that Overcast's and Hall's declarations establish that their recreational interests have been injured. A plaintiff can make such a showing by alleging use of the affected area and that "'the aesthetic and recreational values of the area will be lessened by the challenged activity.'" Ecological Rights Foundation v. Pacific Lumber Co., 230 F.3d 1141, 1149 (9th Cir. 2000) (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 182-183 (2000)). Both Overcast and Hall aver that they use the affected area.[10] Both aver that they flew and skied in the affected area in 2018 and that they plan to do so again in 2019.[11] Both also aver that the BLM's decision to

---

[10]Overcast Declaration at ¶¶ 5-6; Hall Declaration at ¶¶ 4-5; both appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[11]Overcast Declaration at ¶ 40; Hall Declaration at ¶ 28; both appended to Proposed
(continued...)

issue a special recreation permit to ASG has injured their recreational interests because it has increased the risks involved in using the area and because it has diminished the availability of untracked snow.[12] More specifically, Overcast avers that twice in the 2018 season that recently ended, he had to leave the area where he was planning to ski because ASG was using it.[13] Similarly, Hall avers that twice this past season he had to avoid terrain that he was going to ski because ASG was already there.[14] Plaintiff insists that this is sufficient to show that Overcast and Hall have suffered injury in fact to their recreational interests.

Defendants, however, argue that the court's finding that plaintiff lacked Article III standing to assert recreational injuries bars plaintiff from seeking to amend its complaint to add Overcast and Hall in order to cure this jurisdictional problem. Defendants cite to Summit Office Park, Inc. v. U.S. Steel Corporation, 639 F.2d 1278 (5th Cir. 1981), in support. There, Summit's antitrust suit, brought on behalf of itself and a putative class, was dismissed on motion for summary judgment because an intervening Supreme Court case held

---

[11](...continued)
First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[12]Overcast Declaration at ¶ 37; Hall Declaration at ¶ 26; both appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[13]Overcast Declaration at ¶ 37(e)-(f), appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[14]Hall Declaration at ¶ 25, 26(e), appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

that indirect purchasers, which Summit was, could not bring antitrust claims. <u>Id.</u> at 1280-81.

Right before the district court dismissed Summit's complaint, Summit moved to amend its complaint to add two new plaintiffs "who purported to be direct purchasers." <u>Id.</u> at 1281.

The district court denied Summit's motion to amend, and Summit appealed. <u>Id.</u> The Fifth Circuit held that the district court properly denied Summit's motion to amend because "the original plaintiff was left with no cause of action upon which it could recover as the result of an intervening Supreme Court decision. There was no way in which the plaintiff could properly amend the complaint to give it a cause of action." <u>Id.</u> at 1282. Defendants argue that similarly here, the court has already held that plaintiff does not have any recreational interest that could be injured and thus there is no way plaintiff could properly amend its complaint to add plaintiffs who could assert such an injury. Defendants insists that "Rule 15 . . . do[es] not allow a party to amend to create jurisdiction where none actually existed." <u>Federal Recovery Services, Inc. v. United States</u>, 72 F.3d 447, 453 (5th Cir. 1995) (citation omitted); <u>see</u> <u>also</u>, <u>Lans v. Gateway 2000, Inc.</u>, 84 F. Supp. 2d 112, 116 (D.D.C. 1999) ("when a plaintiff never had standing to assert a claim against the defendant, plaintiff may not substitute a new plaintiff, a new defendant, or a new claim for the purpose of creating jurisdiction"); <u>MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharmaceuticals, Inc.</u>, 281 F. Supp. 3d 1309, 1316 (S.D. Fla. 2017) ("the original Plaintiffs have failed to show that they have standing. Accordingly, Plaintiffs lack standing to amend the complaint to add new Plaintiffs who do have standing"); <u>Lopez v. Southwest Airlines Co.</u>, Case No.

3:08-cv-01975-O, 3:09-cv-00137-O, 2013 WL 12121233, at *5 (N.D. Tex. July 10, 2013) ("Plaintiffs cannot now reverse engineer a legitimate claim by inserting [new parties], because the [c]ourt never had proper subject-matter jurisdiction" over their claims); <u>Lago v. Pac. Bell Tel. Co.</u>, No. C 08-2451 SI, 2008 WL 4559739, at *2 (N.D. Cal. Oct. 11, 2008) (because the plaintiffs lacked standing to bring their antitrust claims, they could not "amend the complaint to establish standing against defendants" by adding new claims against new defendants).

These cases are distinguishable. In these cases the court had dismissed all of the plaintiffs' claims on jurisdictional grounds. In other words, "[s]ince there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint." <u>Summit Office Park</u>, 639 F.2d at 1282. But here, plaintiff has valid FLPMA claims, claims which have not been dismissed, and as such, there is a "proper party available to amend the complaint." <u>Id.</u> Because the court has jurisdiction over plaintiff's FLPMA claims, this case is "much different from those in which [courts] have disallowed amendment because jurisdiction was lacking over the entire case from its inception." <u>Cotton v. Certain Underwriters at Lloyd's of London</u>, 831 F.3d 592, 595 (5th Cir. 2016). Plaintiff is not barred from attempting to amend its complaint to add Overcast and Hall as plaintiffs.

Defendants next argue that Overcast and Hall are merely attempting to assert the same recreational interests that the court has already found insufficient. Defendants argue that Overcast and Hall have only asserted that they engage in recreational heli-skiing in

connection with plaintiff's business, i.e., when taking customers out on trips. Defendants argue that this means that Overcast and Hall are attempting to assert the same recreational interest that plaintiff asserted, which the court found was not sufficient for Article III standing purposes. It is for this reason defendants argue that the court could deny plaintiff's motion to amend under the law of the case doctrine.

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). "[T]he law of the case doctrine requires the court to not give leave to amend a claim for which the court has already given leave to amend and then dismissed with prejudice." Bertram v. Sizelove, Case No. 1:10–cv–00583–AWI–GBC (PC), 2012 WL 3201838, at *1 (E.D. Cal. Aug. 3, 2012). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." Alexander, 106 F.3d at 876. Defendants argue that plaintiff has not offered any reasons why the court could depart from the law of the case, which, according to defendants, is that plaintiff cannot assert a recreational interest.

The law of the case doctrine does not apply here. Overcast and Hall are not asserting the same recreational interest that plaintiff attempted to assert. While defendants are correct

that Overcast and Hall aver that they ski with clients, Overcast avers that he has been helicopter skiing in the Tordrillo and Neacola Mountains for over 21 years, which implies that not all of his skiing is done with clients.[15] Hall avers that he "work[s] as a helicopter ski guide . . . because I enjoy skiing, recreating in, guiding people in, and experiencing wild mountain landscapes."[16] This averment at least suggests that Hall has a personal recreational interest in using the affected area.

Overcast and Hall are asserting their own individual recreational interests, and their declarations adequately show that they have suffered an injury in fact to these interests that was caused by the BLM's ASG permitting decision.[17] This injury would be redressed by the remedy that they seek in the proposed amended complaint. Overcast and Hall have constitutional standing to pursue their proposed NEPA and FLMPA claims.

The question then becomes whether Overcast and Hall have prudential standing to bring NEPA claims. "'Because NEPA does not provide for a private right of action, plaintiffs challenging an agency action based on NEPA must do so under the'" APA. Nuclear Information and Resource Service v. Nuclear Regulatory Com'n., 457 F.3d 941, 950

---

[15]Overcast Declaration at ¶ 5, appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[16]Hall Declaration at ¶ 4, appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[17]Plaintiff also contends that Overcast and Hall have suffered an injury in fact to their human health and safety interests and their procedural interests, a contention that defendants do not dispute.

(9th Cir. 2006) (quoting <u>Ashley Creek Phosphate Co. v. Norton</u>, 420 F.3d 934, 937 (9th Cir. 2005)). "To meet the statutory requirements for standing under the APA, a plaintiff 'must establish (1) that there has been a final agency action adversely affecting [it], and (2) that, as a result, it suffers legal wrong or that its injury falls within the "zone of interests" of the statutory provision the plaintiff claims was violated.'" <u>Id.</u> (quoting <u>Churchill County v. Babbitt</u>, 150 F.3d 1072, 1078 (9th Cir. 1998) (quoting <u>Lujan</u>, 497 U.S. at 882–83)). "It is well settled that the zone of interests protected by NEPA is environmental." <u>Id.</u> "'If a harm does not have a sufficiently close connection to the physical environment, NEPA does not apply.'" <u>Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agric.</u>, 415 F.3d 1078, 1103 (9th Cir. 2005) (quoting <u>Metro. Edison Co. v. People Against Nuclear Energy</u>, 460 U.S. 766, 778 (1983)). "Article III standing and the NEPA zone of interests test must be satisfied by the same injury." <u>Yount v. Salazar</u>, Case Nos. CV11–8171 PCT–DGC, CV12–8038 PCT DGC, CV12–8042 PCT DGC, CV12–8075 PCT DGC, 2014 WL 4904423, at *6 (D. Ariz. Sept. 30, 2014).

Defendants argue that Overcast's and Hall's recreational interests do not fall within NEPA's zone of interests. Defendants point out that Overcast and Hall both aver that their recreational interests are harmed by the BLM's ASG permitting decision because that decision "significantly increases the baseline risks and hazards" under which they ski, "increases the risk . . . that [they] will be involved in an avalanche or catastrophic helicopter accident when . . . skiing in the rugged physical environment of the Neacola and Tordrillo

Mountains[.]" and "requires [them] to avoid terrain that [they] previously skied[.]"[18] Defendants argue that these are the same injuries plaintiff alleged in its complaint,[19] injuries that the court found to be outside of NEPA's zone of interests. Defendants argue that simply labeling the same allegations as "recreational injuries" does not cure this jurisdictional defect because the alleged injuries still do not involve an impact to the physical environment.

The difference between Overcast's and Hall's averments and plaintiff's allegations is that, as discussed above, Overcast and Hall have recreational interests that can be harmed, which plaintiff did not have. Although Overcast and Hall aver that their recreational interests are harmed because of an increased risk to health and safety, they, unlike plaintiff, have recreational interests in using the physical environment in the Tordrillo and Neacola Mountains. It is plausible that their recreational interests could be harmed if the affected area has become less safe to use.

Defendants acknowledge that Overcast claims a recreational interest in "untracked snow"[20] but they argue that any injury to this interest would be de minimis at best and thus it cannot constitute a legally cognizable injury under NEPA. This argument is based on the Triumvirate EA which found that "[t]he only visual impacts" associated with heli-skiing

---

[18]Overcast Declaration at ¶ 37a, b, f; Hall Declaration ¶ 26a, c, e; both appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[19]Complaint for Judicial Review of Agency Action at 29, ¶¶ 108-110, Docket No. 1.

[20]Overcast Declaration at ¶ 37i, appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

"would be the temporary and transient tracks in the snow. . . . Daily mountain winds and snowstorms would rapidly erase all evidence of this allowing subsequent users to experience the pristine and untrammeled beauty of the Neacola Mountains."[21] But even if defendants are correct that there would be little harm to the claimed recreational interest in "untracked snow", Overcast and Hall both also aver that their recreational interests in skiing the Tordrillo and Neacola Mountains have been diminished by the BLM ASG permitting decision because it is now more risky to use this area for heli-skiing.

Defendants then seem to argue that Overcast's and Hall's recreational interests are not sufficiently tied to the environment because Overcast and Hall are attempting to turn plaintiff's economic and business interests into their own personal recreational interests. For example, defendants point out that Overcast avers that

> I like to guide people and ski powder in the wild and rugged landscape accessible via helicopter skiing in the Tordrillo and Neacola Mountains. I have a compelling interest in enjoying the physical environment in the Tordrillo and Neacola Mountains through helicopter skiing. The mountain peaks, the landscape, the solitude, and the potential for high quality untracked powder conditions in the Tordrillo and Neacola Mountains provide, at times, the best skiing on earth in a beautiful physical environment. I like to connect people with the physical environment in the Tordrillo and Neacola Mountains through outstanding helicopter skiing experiences under conditions that minimize, as much as practicable, the inherent risks and hazards.[22]

---

[21]Environmental Assessment at 11, Exhibit 3, Complaint for Judicial Review, Docket No. 1.

[22]Overcast Declaration at ¶ 6, appended to Proposed First Amended Complaint [etc.], (continued...)

-14-

Overcast also avers that "[t]he BLM decision injures my recreational interests because it authorizes more skiers and helicopters to access the same terrain that I used in the past, and that I will use in the future, thereby inviting a risky race for the prime skiing locations."[23] Hall avers that

> [t]he BLM decision injures my recreational interests in guiding people in high quality helicopter skiing on public lands under conditions that minimize and avoid unnecessary risks and hazards. I work to ensure that the helicopter skiing experiences I guide are as safe and hazard-free as possible for guests and myself. . . . The BLM decision adversely affects the baseline risks and hazards that apply to me as a helicopter ski guide in the Neacola and Tordrillo Mountains. The BLM decision makes it more difficult for me to provide helicopter skiing experiences for people I guide under acceptable conditions.[[24]]

Assuming that Overcast and Hall have economic interests because they are plaintiff's employees, those interests "do[] not blight [their] qualifying ones, such as aesthetic and environmental interests in the quality of public lands where" they ski. Mountain States Legal Foundation v. Glickman, 92 F.3d 1228, 1236 (C.A.D.C. 1996) Overcast and Hall have recreational interests and those interests are plainly within NEPA's zone of interests.[25] See

---

[22](...continued)
Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[23]Id. at ¶ 37h.

[24]Hall Declaration at ¶ 26b, appended to Proposed First Amended Complaint [etc.], Exhibit A, Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 46.

[25]Because Overcast's and Hall's recreational interests fall within NEPA's zone of interests, the court need not consider whether their health and safety or procedural interests
(continued...)

Lujan, 497 U.S. at 886 ("We have no doubt that 'recreational use and aesthetic enjoyment' are among the sorts of interests" NEPA was "specifically designed to protect"); Ocean Advocates v. U.S. Army Corps of Engineers, 402 F.3d 846, 861 (9th Cir. 2005) (harm to recreational interests "clearly meet the lenient [NEPA] zone of interests test").

Overcast and Hall have constitutional and prudential standing to bring NEPA claims. It would not be futile to allow plaintiff to amend its complaint to add them as plaintiffs so that they may assert such claims.

## Conclusion

Because all five of the factors the court considers in deciding a Rule 15(a) motion to amend weigh in favor of amendment, plaintiff's motion to amend is granted. Plaintiff may file its proposed amended complaint. Plaintiff's amended complaint shall be filed on or before June 15, 2018.

DATED at Anchorage, Alaska, this 8th day of June, 2018.

/s/ H. Russel Holland_____
United States District Judge

---

[25](...continued)
also fall within NEPA's zone of interests.