IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRIUMVIRATE, LLC, *et al.*, | ) No. 3:18-cv-91-HRH ) ) |
| Plaintiffs, | ) ) FEE SETTLEMENT AGREEMENT |
| v. | ) AND RELEASE ) |
| DAVID BERNHARDT, *et al.*, | ) ) |
| Defendants. | ) |

WHEREAS Plaintiffs Triumvirate, LLC, Michael Overcast, and Steven Hall (collectively, "Plaintiffs") alleged in the above-captioned case ("the Lawsuit") that the United States Department of the Interior, the United States Bureau of Land Management, David Bernhardt, in his official capacity as Secretary of the Interior, and Brian Steed, in his official capacity as Deputy Director of the United States Bureau of Land management (collectively, "Defendants") violated the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), and the Administrative Procedure Act ("APA").

WHEREAS, the District Court entered its Memorandum Decision and Order on February 19, 2019 and Judgment on February 26, 2019, ECF Nos. 79 and 80, in which it found that Defendants violated NEPA and the APA.

WHEREAS, the District Court vacated the Bureau of Land Management's decision to issue a special recreation permit for commercial heli-skiing and remanded to the agency for further proceedings, ECF Nos. 79 and 80.

WHEREAS, the Plaintiffs moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), ECF No. 85.

SETTLEMENT AGREEMENT AND RELEASE - 1

WHEREAS, Plaintiffs and Defendants wish to avoid further litigation over Plaintiffs' alleged entitlement to attorney fees for this Lawsuit.

NOW, THEREFORE, through their undersigned counsel, Plaintiffs and Defendants hereby enter into this Settlement Agreement and Release ("the Agreement"), and stipulate and agree as follows:

1. Subject to Paragraph 2, the Parties agree to settle Plaintiffs' claims for attorney fees and costs in this litigation for a total payment of one-hundred twenty-three thousand four-hundred eighty-seven dollars and sixty-eight cents ($123,487.68), under EAJA, 28 U.S.C. § 2412 *et seq.* and/or any other statute, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorney fees and/or litigation expenses in this Lawsuit.

2. Defendants' payment, as identified in Paragraph 1 above, shall be accomplished by electronic funds transfer to the appropriate trust account for Lewis Bess Williams & Weese P.C. on behalf of Plaintiffs. Counsel for Plaintiffs will provide counsel for the Defendants the appropriate account number and other information needed to facilitate payment. The Defendants shall submit the necessary paperwork for the payment within ten (10) days after Plaintiffs' counsel signs this agreement and provides the information necessary to facilitate payment.

3. Counsel for Plaintiffs shall confirm payment within ten (10) days of receipt. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

SETTLEMENT AGREEMENT AND RELEASE - 2

4. Plaintiffs and their attorneys agree to hold harmless the Defendants in any litigation, further suit, or claim arising from the payment of the agreed upon $123,487.68 settlement amount.

5. In acknowledgement of and in exchange for the promises and other consideration contained in this Agreement and the payment by the Defendants to Plaintiffs referenced in Paragraphs 1 and 2 above, the Plaintiffs hereby release the Defendants and all past, present, and future officers, agents, representatives, and employees of the United States Department of the Interior of and from any and all claims and causes of action whatsoever that Plaintiffs ever had, now have, or hereafter may have for attorney fees and costs related to the Lawsuit.

6. This Agreement does not constitute, and shall not be construed, as an admission or concession on the part of any party with respect to any fact, claim, or defense in this action. This Agreement shall have no precedential value. Plaintiffs and the Defendants agree that this Agreement will not be used as evidence or otherwise in any pending or future civil or administrative action against the Bureau of Land Management, the Department of the Interior, the United States, or any agency or instrumentality of the United States. The Defendants do not waive any defenses it may have concerning the claims settled under this Agreement.

7. No provision of this Agreement shall be interpreted as, or constitutes, a commitment or requirement that the Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. The Agreement contains all of the agreement between Plaintiffs and the Defendants about the resolution of the Lawsuit, and is intended to be the final and sole agreement between them. Plaintiffs and the Defendants agree that any prior or contemporaneous representations or understanding about the resolution of the Lawsuit not explicitly contained in

SETTLEMENT AGREEMENT AND RELEASE - 3

this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of the Agreement and do hereby agree to the terms herein.

Dated: November 29, 2019

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By:

_____
Tyler M. Alexander
Trial Attorney
Counsel for the Defendants

Dated: November 29, 2019

_____
Ezekiel J. Williams
Lewis Bess Williams & Weese P.C.
Counsel for Plaintiffs

SETTLEMENT AGREEMENT AND RELEASE - 4